

See also 272 F.2d 495.

Albert A. Roberts, East Point, Ga., for appellant.

William C. O'Kelley, Asst. U. S. Atty., Atlanta, Ga., Charles D. Read, Jr., U. S. Atty., Atlanta, Ga., for appellee.

Before JONES, Circuit Judge, and JOHNSON and HOOPER, District Judges.

HOOPER, District Judge.

Appellant, referred to herein as defendant, was found guilty on two counts of an indictment charging interstate transportation of a motor vehicle and concealment of the same (18 U.S.C.A. §§ 2312, 2313). He received a sentence of five years on each count to run concurrently. The court appointed counsel diligently represented defendant on the trial, as also on this appeal, and raises two questions for consideration, namely whether the evidence was sufficient to support the verdict, and secondly whether certain objects admitted in evidence upon the trial were obtained by an unlawful search and seizure, and these two questions will be discussed below:

■ (1) The evidence of guilt against the defendant, while circumstantial, was

**Charles Oliver WILLIAMSON, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 18199.

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1960.

legally sufficient. Soon after the automobile was stolen in Jacksonville, Florida, it was found parked on a city street in Atlanta. Defendant rode in a taxicab from the vicinity of the place where the car was parked to his home and was there arrested. Attached to the car was a license plate which had been stolen in Nahunta, Georgia (between Jacksonville and Atlanta). Defendant's fingerprints were found on the ash tray and the rear view mirror of the automobile. He had in his wallet records of the Georgia Motor Vehicle Department showing registration of the automobile in another name, and in his possession was found a key fitting the automobile. Defendant did not testify in his own behalf.

■ (2) It is insisted that the court erred in admitting in evidence certain articles found in possession of defendant over the objection that such evidence was illegally obtained, in that the warrant under which he was then arrested was subsequently dismissed by the United States Commissioner. The record shows that subsequent to said arrest an additional warrant was taken out against the defendant charging the same offense contained in this indictment and that both warrants were before the United States Commissioner at the commitment hearing. It further appears that the warrant under which defendant was then arrested was then, or soon thereafter, dismissed by the Commissioner, but the reasons for such dismissal are not shown. The warrant however, was valid upon its face and the arrest under the same was legal, and no evidence was adduced to show to the contrary. The evidence obtained at the time of said arrest was therefore admissible in evidence.

It is also contended the evidence in question should have been excluded for the reason that the warrant under which defendant was arrested charged a different offense than that charged in the indictment under which he was tried. That contention is also without merit. Compare Bartlett v. United States of America, 5 Cir., 232 F.2d 135, in which it was held a motion to suppress evidence was properly overruled, although the defendant charged with bank robbery had been arrested under a warrant charging him with interstate transportation of a stolen motor vehicle. See also Bryant v. United States of America, 5 Cir., 252 F.2d 746(8, 9), p. 749.

The evidence supports the verdict of guilty, no error appears, and the judgment is affirmed.