James W. PRICE

v.

J. Wayne ALLGOOD, Warden, et al.

Misc. No. 846.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Jan. 20, 1966.

James W. Price, in pro. per.

Teddy W. Airhart, Jr., Asst. Atty. Gen. State of Louisiana, Baton Rouge, La., for respondent.

WEST, District Judge.

Petitioner, James W. Price, is presently serving a fifty year sentence at Louisiana State Penitentiary. On October 22, 1963, after pleading not guilty to a charge of armed robbery, he was tried before a jury and found guilty as charged. Thereafter, on April 23, 1963, he pleaded guilty to a multiple offender charge and was thereafter, on April 29, 1963, sentenced to serve fifty years at hard labor at the Louisiana State Penitentiary. He now seeks a writ of habeas corpus, alleging that his constitutional rights have been violated in that: (1) there was an unnecessary delay between arrest and arraignment and between arraignment and trial; (2) he was not afforded the benefit of effective counsel; (3) he was illegally arrested without a warrant; (4) an illegal sentence of fifty years was imposed upon him; and (5) the evidence adduced at the trial was not sufficient to prove his guilt.

The armed robbery with which petitioner was charged occurred on Sunday, December 2, 1962. Petitioner was apprehended as a suspect on the same day at the residence at 3613 Thalia Street Parkway, New Orleans, Louisiana, taken into custody, and formally charged with armed robbery on December 13, 1962. He was arraigned on this charge on January 11, 1963, at which time he pleaded "not guilty." During the time between his arrest and his arraignment, no confession or other inculpatory statement was shown to have been given by petitioner. There is no showing either in the record of the proceedings in the State Court or from any testimony given at the hearing before this Court that petitioner was in any way prejudiced by the delay between his arrest and his arraignment. This delay, in itself, did not constitute a violation of any federally protected right, and particularly is this true where there is no showing that any prejudice to the petitioner resulted therefrom. Also, the time lapse from the date of arraignment on January 11, 1963, to the date of trial on April 22, 1963, can in no way be considered as unreasonable. Petitioner was, in the opinion of this Court, accorded the right to a speedy trial as provided by law. Reece v. United States, 337 F.2d 852 (CA 5 1964).

Petitioner next claims that he was not accorded his right to the assistance of effective counsel. This is simply not so. At the time of his arraignment he was represented by a court-appointed attorney, Mr. John Dolan, who was at that time connected with the New Orleans Legal Aid Bureau. When asked by the Trial Judge if he, petitioner, wanted the Court to appoint an attorney to represent him throughout his trial, he informed the Court that he did not want a court-appointed attorney but that he would, instead, employ his own counsel. He consented however to representation by Mr. Dolan for arraignment. He does not deny that his rights in this regard

had been explained to him by the Court, nor does he deny that he thoroughly understood these rights. It was not until the day of the trial that he informed the Court that he had not employed counsel and requested the assistance of counsel. The Court immediately appointed the same attorney, Mr. Dolan, who had represented him at arraignment, and Mr. Dolan then proceeded to represent petitioner throughout a fourteen hour jury trial. Petitioner now contends that his counsel did not have time to prepare his defense. But the evidence does not sustain this contention. A co-defendant by the name of Philip Smith, Jr. was tried at the same time for the same offense, and this co-defendant had been represented by Mr. Dolan from the beginning of the proceedings had against these two defendants. Upon being questioned in this Court, Mr. Dolan stated that he was thoroughly familiar with the case, and that the preparation made by him for the defense of Smith was identical with that needed to defend the petitioner, Price. He stated that an earlier appointment as defense counsel for petitioner would in no way have permitted him to be better prepared than he was at the time of the trial. Petitioner had no witnesses to testify in his behalf, nor would he have had any had Mr. Dolan been appointed earlier. All of the witnesses whose names were supplied by petitioner were identical with those supplied by Smith, and the fact of the matter is that all of the witnesses whose names were so supplied to Mr. Dolan were actually witnesses who were called by and testified for the State rather than the defendants during the trial of the case. Under the circumstances, petitioner's right to be represented by counsel was adequately protected by the Court at all stages of the proceedings had against him.

Insofar as the competency of counsel is concerned, the record reflects that Mr. Dolan did a creditable job under the most adverse circumstances, and that he did all that the law and the ethics of his profession required. See Williams v. Beto, 354 F.2d 698 (CA 5 12/28/65).

■ The Court cannot agree with petitioner's contention that he was illegally arrested without a warrant. While he was on the premises at 3613 Thalia Street Parkway in New Orleans, Louisiana, one of the occupants of those premises called the police and requested that they come and arrest petitioner. When the police arrived, petitioner was found with the gun that was used in the robbery with which he was ultimately charged, and the money stolen during the robbery was recovered from the same premises. As a result of the call from one of the ladies who lived in the premises, the police certainly had reasonable cause to believe that a felony had been committed by this petitioner.

■ Petitioner complains that his sentence of fifty years is in excess of that provided by law for armed robbery. But it is not in excess of that provided for by Louisiana law for a multiple offender. Petitioner pleaded guilty to a multiple offender charge and was sentenced accordingly. No federally guaranteed right was invaded by the imposition of this sentence.

■■ As for petitioner's claim that upon the evidence the jury should have acquitted him, little need be said. There was an abundance of evidence against petitioner, and on the basis of this evidence, the jury found him guilty. The Court cannot, in a habeas corpus proceeding, pass upon the gulit or innocence of the petitioner. The evidence before this Court is overwhelmingly to the effect that none of petitioner's federally protected rights have been violated, and thus, his application for the issuance of a writ of habeas corpus must be denied.