**STATE OF LOUISIANA ex rel. John WEIYMANN and Hubert Mitchell**

**v.**

**J. Wayne ALLGOOD, Warden, et al. Louisiana State Penitentiary, Angola, Louisiana.**

**Misc. No. 838.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Jan. 21, 1966.

John Weiymann, Hubert Mitchell, petitioners, in pro per.

Teddy W. Airhart, Jr., Jodie W. Stout, Asst. Attys. Gen. of Louisiana, Baton Rouge, La., John Volz, Asst. Dist. Atty., Parish of Orleans, New Orleans, La., for respondents.

WEST, District Judge:

This habeas corpus petition is brought jointly by John Weiymann, presently serving a ten year term at Louisiana State Penitentiary, and Hubert Mitchell, who is serving a five year term at Louisiana State Penitentiary. These petitioners were jointly charged under Louisiana law with unlawful possession of narcotics and narcotic paraphernalia, tried before a jury, found guilty as charged, and on November 24, 1964, sentenced to serve the terms above indicated. They now contend that their constitutionally guaranteed rights have been violated in that (1) they were victims of an illegal search and seizure; (2) their trial was the subject of unreasonable publicity; (3) there was an unreasonable delay in arraignment; and (4) they were convicted on insufficient evidence.

This Court has been furnished with a transcript of the State Court proceedings in connection with a motion to suppress filed by counsel for petitioners during their trial, and a full evidentiary hearing, at which eight witnesses were heard, was held by this Court on November 5, 1965. After its own independent evaluation of the evidence heard by the State Court on the motion to suppress, and after seeing and hearing the witnesses who testified here, this Court concludes that there is no merit to petitioners' contentions.

Previous to his arrest, Weiymann had been positively pointed out to police and identified as one who, with his wife and a third party, had been actively involved in burglarizing an automobile. The police were well acquainted with Weiymann, having handled him previously on several occasions in connection with both burglary and narcotics charges —a fact of which petitioner Weiymann appeared to be quite proud. Upon receiving this information from a source which, under the circumstances, was known to be reliable, the police proceeded to the apartment occupied by Weiymann. Upon knocking on the door, the police properly identified themselves, whereupon Weiymann opened the door. He was immediately placed under arrest. At the same time, immediately after the door was

opened by Weiymann, one of the officers present heard a movement in a room adjoining the kitchen, and believing that someone was attempting to escape, rushed past Weiymann and saw petitioner Mitchell go out the window onto a balcony. There were other policemen below who directed their flashlights on Mitchell, who was then seen to have dropped an object to the floor. The object was immediately recovered by the police and identified as a package containing all of the necessary paraphernalia for administering narcotics. Immediately upon its recovery by the police, Mitchell spontaneously and voluntarily informed them that the contents of the package belonged to him. It is this evidence which was later used during the trial of these petitioners that is now claimed to have been illegally seized. It would avail us nothing to recount all of the testimony taken during the motion to suppress and during the hearing before this Court. Suffice it to say that after review of all of that testimony, this Court finds, as a fact, that the officers who made the arrest of these petitioners had reasonable cause to believe that a felony either had been or was being committed by these petitioners, and that thus the arrest was legally made. The ensuing search, being incident to a legal arrest, was a legal search, and the seizure made pursuant thereto was legal and valid. The motion to suppress was properly denied by the State Trial Court.

■ Petitioners next complain of unreasonable publicity surrounding their trial. Actually they introduced no evidence of any kind to indicate that there was any publicity whatsoever surrounding their trial on this charge. The only publicity about which they complain is a short one column wide, four inch long news item concerning a three year sentence imposed by a State Court upon Weiymann for burglary on October 28, 1964. There was no showing of any kind of any prejudice resulting from this insignificant news item. This contention of petitioners is nothing less than frivolous.

■ The unreasonable delay in arraignment complained of was a nineteen day delay between arrest and arraignment. No inculpatory statements were shown to have been made by either of the petitioners during this time except the spontaneous and unsolicited acknowledgment by Mitchell at the moment the narcotics paraphernalia was found that it belonged to him. Both petitioners admitted that they had been adequately represented by counsel during the proceedings had against them in the State Court, and no prejudice of any kind was shown to have resulted from the nineteen day delay between arrest and arraignment. Thus there is no merit to petitioners' contention that this delay was a violation of their constitutionally guaranteed rights.

■ The final complaint of petitioners is that they were convicted on insufficient evidence. While it is not the function of this Court on a habeas corpus hearing to determine the guilt or innocence of the petitioner, nevertheless it must be noted that there was in fact overwhelming evidence to support their conviction, and hence, even if reviewable by this Court, this contention is not well founded.

Petitioners' constitutional rights have been well protected during all stages of the proceedings had against them, and therefore, their application for the issuance of writs of habeas corpus must be denied.