Edward Thompson, J.
On December 21, 1967 the defendant was indicted on six counts relating to narcotic drugs in that he feloniously sold a narcotic drug, feloniously possessed a narcotic drug with intent to sell and unlawfully possessed a narcotic drug on June 21, 1967; and he feloniously sold a narcotic drug, feloniously possessed a narcotic drug with intent to sell and unlawfully possessed a narcotic drug on July 23, 1967. For said alleged criminal acts the defendant was arrested on February 27, 1968 and was arraigned on March 11,1968.
Defendant now moves (1) to dismiss the indictment herein by reason of the deprivation of constitutional rights and due process in the delay in causing his arrest; and (2) the denial of due process occasioned by the failure to promptly and expeditiously bring him before the court for arraignment.
As to branch one of said motion, the defendant contends that the lapse of time from June 21,1967 and July 23,1967, the times when the crimes are alleged to have been committed, to February 27,1968, when the defendant was arrested, was of such duration that1‘ it would be utterly absurd and impossible to suggest that the defendant would be in a position to adequately defend himself against the charges, or to obtain witnesses, or to establish any alibi as of the date, time and place when it is alleged that the crimes took place.”
The prosecution contends that subsequent to the commission of the crimes specified in the indictment aforesaid, the defendant disappeared from his usual haunts and despite prolonged vigilant police search and inquiry, no trace of the defendant could *885 be found. Extended police inquiry as to the whereabouts of the defendant with relatives and among many of those to whom the defendant was known, produced no information which would enable the police to apprehend the defendant. The mother of the defendant informed a detective of the Police Department, whose affidavit is submitted in opposition to the defendant’s motion, that the defendant was a patient at Interfaith Hospital. Acting on suph information, inquiry was made at the hospital and the records of said institution revealed that no person named Allen Jones was ever a patient there. When the efforts of this detective and his brother officers to locate the defendant proved fruitless, the matter was then submitted directly to the Grand Jury and the indictment hereinabove set forth was returned on December 21,1967. Upon such indictment a warrant was issued the following day for the arrest of the defendant. Even long and persistent inquiry and search by the police to apprehend the defendant bore no results for many months since the defendant removed himself from his usual places of operation and abode. He had severed his connections with his family, relatives and acquaintances.
It was not until February 27,1968 that the arresting detective was successful in locating the defendant. Except for the first month when usual police practice necessitates a delay in arrest of approximately 30 days in order to protect the identity of the undercover agent, the entire lapse of time from the second alleged narcotics transaction on July 23, 1968 to the date of arrest on February 27, 1968 is completely chargeable to the defendant. As a horse cannot be tethered and galloped at one and the same time, so a defendant cannot be arrested and avoid arrest at one and the same time. Likewise, he cannot be heard justly to complain about his failure to obtain witnesses or establish his alibi if laches is chargeable to him. This is not to say that this court indorses and approves of delay in apprehension. In fact and law such delay herein has been induced by the defendant, but when not induced by a defendant it could well be a deprivation of “ due process.” In avoidance of arrest, the defendant successfully secreted himself and cannot now be heard to complain that he has been deprived of any constitutional rights.
Accordingly, the first branch of defendant’s motion is denied.
Branch two of defendant’s motion is predicated on the contention that a delay from the date of arrest, February 27, 1968, to the date of arraignment, March 11, 1968, a period of 13 days was far too long an extended period of time and the defendant was thereby denied due process. How such delay in arraign *886 ment constituted a denial of due process to the defendant is not supported by a showing as to what rights, if any, were lost to the defendant thereby; how such delay in arrest was prejudicial to his defense; what defenses available to him prior to said delay were lost by such delay; what witnesses available to him prior to such delay were made unavailable as a result thereof; what testimony of any kind available to him prior to the delay was lost by the delayed arraignment. No such specificity has been offered to the court in support of this branch of the motion. The broad, unsupported generalities and mere conclusions are insufficient to support the relief requested herein.
The fact is that the defendant was arrested pursuant to a warrant issued subsequent to the finding of an indictment. Section 165 of the Code of Criminal Procedure wherein provision is made for appearance before a Magistrate without unnecessary delay does not apply to such a fact situation. In People ex rel. Butts v. Fay (14 A D 2d 787 [1961]) while affirming an order of the Supreme Court, Dutchess County, dismissing a writ of habeas corpus, the court held: ‘ ‘ After relator had been indicted by the Grand Jury, there was no necessity to take him before a Magistrate pursuant to section 165 of the Code of Criminal Procedure. The failure to do so prior to the indictment did not divest the Grand Jury of jurisdiction to indict (cf. People ex rel. Hirschberg v. Close, 1 N Y 2d 258).”
On the other hand, the arraignment procedure herein is governed by section 296 of the Code of Criminal Procedure which provides: ‘ ‘ When an indictment is filed, the defendant must be arraigned thereon, before the court in which it is found, or before the court to which it is sent or removed.”
Unlike section 165 of the Code of Criminal Procedure which mandates the appearance of a defendant before a Magistrate without unnecessary delay, section 296 of the code mandates only the forum before which the defendant will be brought. No provision as to time is set forth in the latter statute and therefore a reasonable time will be presumed. The passage of time, per se, does not constitute a deprivation of defendant’s rights to due process. There must be a showing of prejudice by the defendant that some essential element of his defense was lost to him or minimized and that he was thereby deprived of due process of law. The moving papers allege no facts to support such a position. Were it alleged that undue influence befell upon the defendant by virtue of such delay and as a result thereof he gave up certain evidence against himself, an issue would be raised, but even then in most cases it is one to be met by adequate instructions to the trial jury.
*887 Delay in arraignment was the issue in State of Louisiana ex rel. Weiymann v. Allgood (250 F. Supp. 294 [1966], affd. 367 F. 2d 394, cert. den. 387 U. S. 923). The defendant Weiymann serving a 10-year sentence in Louisiana State Penitentiary and Mitchell serving a 5-year sentence in said penitentiary for conviction of violation of Louisiana law for unlawful possession of narcotics and narcotic paraphernalia jointly petitioned by writ of habeas corpus that, among other things, their constitutional rights were denied them by an unreasonable delay in arraignment. The court said (p. 296): “ The unreasonable delay in arraignment complained of was a nineteen day delay between arrest and arraignment. No inculpatory statements were shown to have been made by either of the petitioners during this time except the spontaneous and unsolicited acknowledgment by Mitchell at the moment the narcotics paraphernalia was found that it belonged to him. Both petitioners admitted that they had been adequately represented by counsel during the proceedings had against them in the State Court, and no prejudice of any kind was shown to have resulted from the nineteen day delay between arrest and arraignment. Thus there is no merit to petitioners’ contention that this delay was a violation of their constitutionally guaranteed rights.” (Emphasis supplied.)
In Price v. Allgood (249 F. Supp. 418 [1966], cert. den. 369 F. 2d 376) the defendant petitions the court for a writ of habeas corpus alleging that his constitutional rights had been violated, among other things, by an unnecessary delay between arrest and arraignment. At page 419, the court stated: ‘ ‘ The armed robbery with which petitioner was charged occurred on Sunday, December 2, 1962. Petitioner was apprehended as a suspect on the same day at the residence at 3613 Thalia Street Parkway, New Orleans, Louisiana, taken into custody, and formally charged with armed robbery on December 13, 1962. He was arraigned on this charge on January 11, 1963, at which time he pleaded ‘ not guilty. ’ During the time between his arrest and his arraignment, no confession or other inculpatory statement was shown to have been given by petitioner. There is no showing either in the record of the proceedings in the State Court or from any testimony given at the hearing before this Court that petitioner was in any way prejudiced by the delay between his arrest and his arraignment. This delay, in itself, did not constitute a violation of any federally protected right, and particularly is this true where there is no showing that any prejudice to the petitioner resulted therefrom.” (Emphasis supplied.)
The second branch of the motion, resting as it does on mere conclusion and offering in support of its prayer for relief no *888 facts showing any prejudice to any rights of the defendant, and no loss or diminution of any rights of the defendant, is denied but leave is granted to defendant to renew this motion upon presentation of facts showing prejudice to or loss of right arising out of the delay of 13 days from the date of arrest to the date of arraignment. Short-form order entered herewith.