MELVIN TELLIS, APPELLANT, *v.* SHERIFF OF CLARK COUNTY, NEVADA, RESPONDENT.

No. 5675

October 2, 1969                    459 P.2d 364

*James D. Santini,* Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, *George E. Holt* and *Richard D. Weisbart,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

On October 30, 1967, a complaint was filed against the appellant charging him with possession of narcotics. On that same day he was arrested, arraigned, and a preliminary hearing was scheduled for December 4, 1967. Before December 2, 1967, the defendant was released on bail, and on December 4, 1967, the state made an appearance and requested that the

preliminary hearing be postponed until December 14, 1967, because a grand jury indictment had been returned against the appellant.

The grand jury indictment was returned on November 29, 1967, and a bench warrant was issued December 1, 1967 for the appellant's arrest. He was arrested, on the bench warrant, December 2, 1967, and was released on bail on December 3, 1967. It appears that he was mistakenly released on the same bail which had been posted for his release under the criminal complaint, however, this fact inured to his benefit and was in no way prejudicial to him. On December 14, 1967, the criminal complaint charging the appellant with possession of narcotics was dismissed by the state. The appellant was again arrested on January 5, 1968 on other unrelated charges and was actually in jail at the time of his arraignment, on the indictment, on January 23, 1968. At that time the appellant waived his right under NRS 178.556 to be brought to trial within sixty days. Here we are concerned only with the appellant's due process rights between the time of his arrest on December 2, 1967 and his arraignment on January 23, 1968.

The appellant contends that his arraignment, more than fifty days after his arrest, violated his rights under NRS 171.178 and NRS 171.184. We disagree. Neither NRS 171.178 nor NRS 171.184 have any application to an arrest made after an indictment. Those statutory provisions are only applicable when the arrest is made after a warrant is issued upon a complaint or in the event of a warrantless arrest.

There is no statutory designation of a specific time within which an arraignment shall be held after the arrest of an accused under an indictment, therefore we are concerned, in this case, only with the question of whether or not the delay was unreasonable. We find that it was not. In Brown v. Justice Court, 83 Nev. 272, 428 P.2d 376 (1967), this court held that the right of an arrested person to be brought before a magistrate without unnecessary delay following his arrest is statutory in nature and does not *per se* import any direct federal constitutional guaranty, and that one of the primary reasons for a speedy arraignment by a judicial officer is to inform the accused of his privilege against self-incrimination; his right to a speedy trial; his right to due process of law and to assure that he is not left to languish in jail. Here the appellant was admitted to bail during the entire period of the alleged

delay and there is no claim of self-incrimination by the defendant, and he had waived his right to a speedy trial.

Even where a defendant is not taken before a magistrate within the time specified by statute, reversal of his conviction is not required unless it is shown that through such wrongful conduct he was deprived of a fair trial or otherwise suffered prejudice as a result thereof. People v. Combes, 363 P.2d 4 (Cal. 1961), People v. Ruiz, 16 Cal.Rptr. 855 (Cal.App. 1961).

In the absence of a statutory requirement that an arrested person be arraigned within a fixed period of time, a reasonable time will be presumed before which an arraignment must be conducted. The passage of time *per se* does not constitute a deprivation of defendant's rights. There must be a showing of prejudice by the defendant; that some essential element of his defense was lost to him or minimized, and that he was thereby deprived of due process of law. Brown v. Justice Court, supra; People v. Jones, 290 N.Y.S.2d 771 (1968); State of Louisiana ex rel. Weiymann v. Allgood, 250 F.Supp. 294 (D.C. 1966); Price v. Allgood, 249 F.Supp. 418 (D.C. 1966); Carr v. State, 192 So.2d 741 (Ala. 1966). Historically the need for an arraignment was to determine which prisoners wanted to be put to a jury and which of them would confess in open court. 2 Am.J. Legal Hist., 321, et seq. NRS 173.195[1] is the only statute touching upon the disposition of an accused after an arrest upon a bench warrant issued pursuant to an indictment. An alternative procedure is prescribed. The arrested person must be either brought promptly before the court or before a magistrate for the purpose of admission to bail. Here the appellant was admitted to bail and there was compliance with the statute. We do not view NRS 173.195 as a statute designating the time of arraignment.

Relying on NRS 171.152, the appellant has claimed a further procedural defect because the bench warrant upon

---

[1]NRS 173.195: "The warrant shall be executed or the summons served as provided in NRS 171.114, 171.118 and 171.122. A summons to a corporation shall be served as provided in NRS 171.122. The officer executing the warrant shall bring the arrested person promptly before the court or, for the purpose of admission to bail, before a magistrate."

which the appellant was arrested on December 2, 1967 was not returned to the court until February 22, 1968.

NRS 171.152 does not set any time limit nor designate any point in the proceeding when a bench warrant issued upon an indictment must be returned; it only requires that the warrant be returned to the magistrate before whom a defendant is brought. The making of a return of a warrant of arrest is a ministerial act, to be performed after the warrant is executed. Cf. Rose v. United States, 274 F. 245 (6th Cir. 1921), Evans v. United States, 242 F.2d 534 (6th Cir. 1957). Here the return was ultimately filed with the court over which the arraigning magistrate presided and we find no violation of the appellant's rights of due process occasioned by the filing of the return after his arraignment had been commenced. Cf. NRS 173.205.

We do not reach the question of whether the appellant's waiver of his right to a trial within sixty days constitutes a waiver of a delay in arraignment, nor do we reach the question of whether the appellant's failure to cite the delay, before his arraignment on January 23, 1968, resulted in a cure of such a defect.

The question of whether an indictment could be returned while a criminal complaint covering the same offense was outstanding was not presented to the district court, but was raised *sua sponte* by this court. The supplemental briefs of the appellant and the respondent have been considered and we find no jurisdictional defect in such a dual proceeding in a criminal matter.

In People v. MacCagnan, 276 P.2d 679 (Cal.App. 1954), the court said: ". . . That the offense alleged in the indictment was the identical crime charged in the information was not material to the proceedings on the indictment. Hence the trial on the indictment was in order. The mere fact that the same offense was charged in the indictment that had previously been charged in the information does not establish any legal connection between the two pleadings. People v. Grace, 88 Cal.App. 222, 228, 263 P. 306. The dismissal of the information put an end to it as effectively as though it had never been filed. (Ibid.)"

The denial of the writ of habeas corpus by the district court is affirmed and the matter is remanded for further proceedings.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.