Howard JACKSON and Major Williams

v.

Hon. Belvin BERGERON, Sheriff, West
Baton Rouge Parish Prison.

Misc. No. 1088.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Dec. 17, 1969.

Philip N. Pecquet, Port Allen, La.,
James H. Morrison, Baton Rouge, La., for
petitioners.

WEST, Chief Judge:

Petitioners, Howard Jackson and Major Williams, are presently confined in the West Baton Rouge Parish Prison at Port Allen, Louisiana, serving a five month sentence for the crime of theft in

violation of LSA–R.S. 14:67. Petitioners were convicted under that statute of having stolen the sum of $10.00. The statute in question provides that where the theft involves a value of less than $20.00, the offender shall be fined not more than $100.00 and/or imprisoned for not more than six months. Petitioners were tried without a jury and sentenced to five months confinement in the West Baton Rouge Parish Prison at Port Allen, Louisiana. Following their conviction, petitioners applied to the Supreme Court of the State of Louisiana for writs of certiorari, mandamus, and prohibition, and asserted the following grounds as a basis for their application:

1. improper denial by the State trial court of petitioners' motion for a directed verdict of acquittal;

2. failure to grant petitioners' request for trial by jury;

3. that the charge against petitioners was based upon an unsworn complaint and a defective arrest warrant;

4. that the State did not overcome a reasonable doubt of petitioners' guilt;

5. that the State failed to prove the elements of the crime beyond a reasonable doubt.

On November 7, 1969, the Supreme Court of the State of Louisiana, without a written opinion, denied the petitioners' application for writs. State v. Williams, 227 So.2d 375 (La.1969).

On December 1, 1969, petitioners filed the present application in this Court seeking a writ of habeas corpus and list the following grounds as the basis of their claim:

1. that there was no corroboration of circumstantial evidence upon which petitioners were convicted;

2. that petitioners were subjected to a lineup that was not in conformity with the standards announced in Wade v. United States, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967);

3. that the charge upon which petitioners were convicted was based upon an unsworn complaint and a defective arrest warrant;

4. the failure to grant petitioners' request for a trial by jury;

5. that the State's closing argument, by the District Attorney, was improper because the District Attorney (a) unfairly commented on the victim's honesty, and (b) misstated the facts.

Petitioners have filed with this Court, along with their application for the writ of habeas corpus, a complete transcript of the proceedings had against them in the State trial court, together with copies of their pleadings filed with the Supreme Court of the State of Louisiana. After studying these documents, this Court has concluded that an evidentiary hearing is not required herein, and because of the completeness of the State Court records, a proper determination of this application may be made upon a study of a transcript of the proceedings had against these petitioners in the State Court.

The threshold question to be decided is, of course, whether or not the petitioners have exhausted available State Court remedies. It is well settled that if a person petitioning for a writ of habeas corpus raises constitutional issues which he has never presented to the State Courts, and if the applicant may still present those issues to a State Court, he must first exhaust his State remedies before applying to a Federal Court for habeas corpus. Whippler v. Balkcom, 342 F.2d 388 (CA 5—1965). It is sufficient if the petitioner has presented his constitutional questions to the Appellate Courts of the State by way of direct appeal, even though he has not also presented them by way of habeas corpus proceedings. In other words, it is sufficient for his constitutional questions to be presented once to the proper State Courts, just so long as they are, in fact, squarely presented for decision. An examination of this record reveals that two

of the petitioners' constitutional complaints have not, in any way, been presented to the Louisiana Appellate Courts, either by way of appeal or by way of habeas corpus. Neither their complaint of an improper lineup, nor their complaint of unfair comments by the State in closing argument to the jury have in any way been presented to the State Courts of the State of Louisiana, and hence, as to these two grounds, this Court does not have jurisdiction at this time, and hence they will not be considered herein.

As to the other grounds asserted by petitioners, this Court finds no merit. Petitioners complain that the arrest warrant, by virtue of which they were arrested, was defective. The record in this case discloses that the victim of the theft, one Phillip Ferdinand, had himself been arrested by State Troopers on December 1, 1968, and charged with driving while intoxicated and negligently injuring another person, and placed in the West Baton Rouge Parish Jail. On the following morning, December 2, 1968, Ferdinand advised the jailers that the petitioners herein, who were also in custody in the same jail for a separate offense, had "shaken him down" and stolen $32.00 from his wallet. The record contains an affidavit, proper on its face, indicating that the affiant, Ferdinand, was sworn by Judge Daniel Kimball, Judge of the Eighteenth Judicial District Court for the Parish of West Baton Rouge, Louisiana, and in which Ferdinand recounted the circumstances of his loss. Later, however, during the course of petitioners' trial, Ferdinand denied being placed under oath and testified that he had been instructed to "sign these papers" by the Sheriff's deputies. Some nine months later, on September 9, 1969, Ferdinand signed a second statement denying that he could identify his assailants and stating that he did not want to "press charges." But after having been informed of the alleged theft by Ferdinand, one of the jailers, Albert J. Marquette, witnessed one of the petitioners, Major Williams,

throwing something into a jail shower, and on examination, he recovered a $10.00 bill. Based upon this eye witness account, and on Ferdinand's affidavit, Judge Kimball issued a warrant authorizing petitioners' arrest.

Whether or not the affidavit signed by Ferdinand was actually signed under oath is immaterial. The question that is important is whether or not, at the time of petitioners' arrest, there was probable cause to believe that a crime had been committed. The answer to that question in this case must certainly be in the affirmative. Ferdinand, an inmate at the jail, complained that he had been victimized by theft, and whether or not his complaint was under oath is not material. Thereafter, one of the jailers saw the petitioner Williams attempting to dispose of something, and upon investigation found that it was a $10.00 bill. The arrest of the petitioners followed. The facts in this case clearly support the conclusion that there was probable cause for the officer to believe that a crime had been committed and thus the arrest, based upon such probable cause, was a valid arrest whether a valid warrant had issued or not. Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); Hagans v. United States, 315 F.2d 67 (CA 5—1963), cert. den., 375 U.S. 826, 84 S.Ct. 68, 11 L.Ed.2d 58 (1963); Williamson v. United States, 285 F.2d 65 (CA 5—1960); Dearinger v. United States, 378 F.2d 346 (CA 9—1967), cert. den., 389 U.S. 885, 88 S.Ct. 156, 19 L.Ed. 183.

There is still another reason why petitioners' attack on the validity of the arrest warrant is not sufficient to set aside their conviction. If an arrest is invalid because made pursuant to an invalid warrant, the consequences are that neither tangible evidence discovered in an incidental search nor verbal statements of the accused arising from the invalid arrest are admissible as evidence against the defendant at a subsequent criminal trial. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652

(1914); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The invalid arrest does not necessarily constitute grounds for setting aside a subsequent conviction if neither the tangible evidence nor verbal statements directly resulting from the invalid arrest were used against the defendant at his trial. In the present case, there was no incriminating statement secured, nor was there any tangible evidence recovered as an incident to petitioners' arrest based upon an alleged invalid warrant. The conviction of these petitioners resulted from the victim's identification of the petitioners and the $10.00 bill which was secured by the arresting officer prior to the arrest having been made. The arrest resulted from the discovery of the $10.00 bill rather than vice versa. Consequently, even though it were to be conceded, for the sake of argument only, that the initial arrest was invalid, there is nevertheless still no grounds upon which to set aside the conviction resulting from the evidence mentioned above.

■ As to petitioners' grounds that there was no corroboration of circumstantial evidence, little need be said. An alleged insufficiency of evidence is not an appropriate subject matter at a hearing on an application for a writ of habeas corpus in Federal Court. Fulford v. Dutton, 380 F.2d 16, 17 (CA 5— 1967); State of Louisiana ex rel. Weiymann v. Allgood, 250 F.Supp. 294 (E.D. La.1966), aff'd., 367 F.2d 394 (CA 5— 1966). The fact remains that the record in this case clearly shows that there was evidence, however conflicting the petitioners contend it may be, upon which a conviction could be based in this case. It is not a case of a complete lack of evidence. Petitioners' only allegation is that there was no corroboration of circumstantial evidence. Such an allegation does not reach constitutional proportions.

■ And lastly, petitioners claim that they were denied the right to trial by jury. The offense for which petitioners were tried carried a maximum penalty of six months in jail and/or a fine of $100.00. Even under the holding in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the State of Louisiana was not obliged to grant these petitioners a trial by jury in this case. This case falls within the category of "petty offenses" as defined in *Duncan*, and hence petitioners were not deprived of a constitutional right when they were tried by the Court alone without the intervention of a jury.

For these reasons, petitioners' application for the issuance of a writ of habeas corpus will be denied.