DENNIS EDWARD HALL, APPELLANT, *v.* SHERIFF, WASHOE COUNTY, NEVADA, RESPONDENT.

No. 5967

KENNETH DENNIS MARTIN, APPELLANT, *v.* SHERIFF, WASHOE COUNTY, NEVADA, RESPONDENT.

No. 5987

June 10, 1970                                         470 P.2d 422

*Streeter, Sala & McAuliffe,* of Reno, for Appellant Dennis Edward Hall.

*Vargas, Bartlett & Dixon,* of Reno, for Appellant Kenneth Dennis Martin.

*Harvey Dickerson,* Attorney General, and *William J. Raggio,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

These appeals have been consolidated for disposition because they arise out of the same facts and circumstances. Both appellants contend that their pre-trial petitions for habeas corpus were erroneously denied by the same district judge in the proceedings below. We disagree, and affirm the orders denying pre-trial habeas in each of these cases.

Both appellants resided at the same address in Reno, Nevada, and were suspected of having possession of narcotic drugs. Their house was searched pursuant to a search warrant. Upon entry by the police, the odor of marijuana smoke was present and the premises were in a state of disarray, with people "scattered all over the place." The following items were found in the house by the police: a marijuana cigarette

from the living room coffee table, two lids of marijuana wrapped in a blanket from one upstairs bedroom, three marijuana roaches and another lid of marijuana from the nightstand in another bedroom, a small quantity of hashish from the bathroom floor, and some marijuana seeds, a marijuana cigarette and a small packet of speed from two of the other persons who were then present on the premises. Both appellants were indicted for possession of a narcotic drug in violation of NRS 453.030.

Only two of the issues raised by counsel for the appellants merit our attention.[1] It is first contended that the Grand Jury was without jurisdiction to return an indictment because a criminal complaint had been filed previously, which constituted a conclusive election by the State of its method of procedure. This issue was decided adversely to the appellants by Tellis v. Sheriff, 85 Nev. 557, 459 P.2d 364 (1969), in which we found no jurisdictional defect in such dual proceedings.[2]

Finally, it is contended that the evidence presented to the Grand Jury was not sufficient to constitute probable cause for the indictments, because neither of these appellants was actually found to be in possession of the narcotics. However, both of these appellants resided in the house. Some of the marijuana was found in upstairs bedrooms in the furniture. Its presence there may be satisfactorily explained upon trial to preclude a

---

[1]The contention that the evidence presented to the Grand Jury was illegally obtained in violation of the constitutional rights of the appellants has been decided adversely to them by Cook v. State, 85 Nev. 692, 462 P.2d 526 (1969), in which we held that habeas was not an available remedy to test the admissibility of evidence on constitutional grounds. That decision was announced subsequent to the habeas proceedings involving these appellants, but we here give the doctrine retroactive application.

The contention made by one of the appellants, that habeas corpus is a remedy available to a defendant who is free on bail, was not contested by the state either in the proceedings below or on appeal. We do not consider that issue to be before us. Consequently, it is not to be inferred that our decision here is dispositive of that issue (Cf. In Re: Stan Philipie, 82 Nev. 215, 414 P.2d 949 (1966) and dicta in Marshall v. Warden, 83 Nev. 442, 434 P.2d 437 (1967)), except as it is related to these particular cases.

[2]While Tellis v. Sheriff, supra, was decided subsequent to the docketing of these appeals, it is applicable and determinative of the issue here. In any event, the complaint has since been dismissed by the district court, leaving only the indictment pending.

conviction. But at this preliminary stage, the facts recited above are sufficient to support the Grand Jury indictments.

In Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967), we held that to hold one for narcotics possession, it is necessary to show dominion and control over the substance and knowledge that it is of narcotic character, but that those elements may be shown by circumstantial evidence and reasonably drawn inferences. In the instant cases, the requisite elements to show possession of narcotics by these appellants may be inferred from the circumstances.

It is well established that in proceedings before a Grand Jury, there need only be evidence adduced which establishes probable cause; it need not be sufficient to support a conviction; and the quantity of the evidence may differ, depending on the type of evidence and the offense charged. Maskaly v. State, 85 Nev. 111, 450 P.2d 791 (1969). We deem the evidence here, and the reasonably drawn inferences, to be sufficient to constitute probable cause to justify the Grand Jury indictments.

Accordingly, the orders of the district court are affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.