ANN SIMPSON, APPELLANT, *v*. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6394

November 25, 1970            476 P.2d 957

[Rehearing denied February 10, 1971]

*Robert G. Legakes,* Public Defender, and *Jeffrey D. Sobel,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, Carson City, *George E. Franklin, Jr.,* District Attorney, and *Neil J. Beller,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

On May 27, 1970, an officer of the Las Vegas Police Department was summoned to a parking lot to investigate the presence of a suspicious automobile. The officer found the appellant's Oldsmobile parked there with the doors locked and the windows closed. The vehicle was emitting a strong odor which the officer recognized to be that of a decomposed human body. Entrance to the car was gained by forcing open a window to unlock a door. Inside, on the right front floorboard, there was the dead body of the appellant's one-year-old daughter, under two suitcases.

The parking lot served an apartment house. One of the residents there, who knew the appellant quite well, remembered that the appellant, on May 22, 1970, had appeared at her apartment complaining about the brakes on her car, and she offered to let the appellant park her car in the apartment house parking lot. The appellant left the car there, where it remained until the following Wednesday morning, May 27, 1970, when the police found the body in it.

On May 29, 1970, the appellant was charged by criminal complaint with the crime of murder, in violation of NRS 200.010. While that complaint was pending in the Justice's Court the Clark County Grand Jury returned an indictment against the appellant for the same criminal offense. On June 8, 1970, the complaint was dismissed on the motion of the district attorney, leaving the indictment pending.

At the grand jury hearing, in addition to the above facts, the Clark County Medical Examiner testified that on May 28, 1970, he did a post mortem examination on the child's body, both internally and externally, and determined that death had occurred at least six days previously.

While there was no evidence of any wounds, blows or disease, or any remaining evidence of strangulation or suffocation, the cause of death was said to have been heat prostration and

dehydration, which can cause death in infants and small children within a very short length of time, as little as a few hours.

The appellant's former husband testified that she had threatened the life of their daughter both before their divorce and after it, and that those threats had been made before others, as well as before himself. Two other witnesses testified that they had heard the appellant make threats to the child's life, which ranged from starvation to throwing her down a manhole. The witness who invited the appellant to leave her car parked in the apartment house parking lot, testified that she asked her about manslaughter and what it was, to which she replied to the appellant that she would look it up in the dictionary.

The appellant challenged the grand jury indictment by seeking a writ of habeas corpus from the district court. The writ was denied, and she appeals from that order.

It is first contended that the appellant cannot be prosecuted by grand jury indictment for the same offense which was dismissed by the Justice's Court on the motion of the district attorney. That contention is not sound. In Tellis v. Sheriff, 85 Nev. 557, 459 P.2d 364 (1969), we specifically found no jurisdictional defect in such dual proceedings. Hall v. Sheriff, 86 Nev. 456, 470 P.2d 422 (1970). Thus there is no merit to that assignment of error.

Finally, the appellant contends that there was insufficient legal evidence before the grand jury to constitute probable cause to believe that a criminal offense had been committed, and that the appellant committed it. It is argued that the finding of the grand jury that the corpus delicti had been established was based upon speculation because of the absence of any evidence that the child's death was caused by other than natural means, particularly in view of our holding in Hicks v. Sheriff, 86 Nev. 67, 464 P.2d 462 (1970), where we reversed a finding of probable cause on a total absence of proof that the victim met death by a criminal agency. Such a contention is not tenable when the victim is a child one year of age, under the circumstances that existed here.

At such an age a child is almost totally dependant upon the person having its care and custody, and what might reasonably be found to be a natural cause of death in an adult can just as reasonably be found to be an unnatural death, or death by a criminal agency, where the victim is a child so dependent upon

others. Such was the case here, and Hicks v. Sheriff, supra, is inapposite.

The corpus delicti having thus been established, the other evidence recited above constitutes probable cause sufficient to hold the accused for trial. The ex-husband's testimony concerning threats made by the appellant is not excluded by NRS 48.040(5)(a)[1] for the reason that he stated that the threats were made both during the marriage and after the divorce. Coupled with the testimony of the other witnesses concerning threats made by the appellant to the life of the child, and the other circumstances of the child's death, the state met its burden of establishing facts leading to the reasonable inference that the appellant committed the crime charged. State v. von Brincken, 86 Nev. 769, 476 P.2d 733 (1970).

CONSEQUENTLY, there was no error in the denial of habeas corpus below, and the order of the district court is affirmed.

---

[1]The statute, in pertinent part, reads as follows:

"A husband cannot be examined as a witness for or against his wife without her consent, nor a wife for or against her husband without his consent; nor can either, during the marriage or afterward, be, without the consent of the other, examined *as to any communication made by one to the other during marriage,* except in a:

"...

"5. Criminal proceedings in which one spouse is charged with:

"(a) A crime against the person or the property of the other spouse or of a child of either, whether such crime was committed before or during marriage.

"...." (Emphasis supplied.)