BERNARD TURPIN, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 6512

May 14, 1971                    484 P.2d 1083

*Robert G. Legakes,* Public Defender, and *Jeffrey D. Sobel,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The appellant was charged by criminal complaint with robbery (NRS 200.380), rape (NRS 200.363) and aiding and abetting rape (NRS 200.363 and NRS 173.135). After a preliminary examination he was held to answer. An information charging those crimes was filed on June 17, 1970. On October 1, 1970, the appellant was charged by grand jury indictment with the crimes of robbery and rape,[1] in substantially the same language as was charged in the criminal complaint and in the information, but with the additional allegation in the rape count that the appellant inflicted substantial bodily harm on the victim. (NRS 200.363(1)(a).) On October 8, 1970, the district attorney elected to proceed solely

---

[1]The aiding and abetting charge was not contained in the grand jury indictment.

on the indictment, and he moved to dismiss the information. Counsel for the appellant announced that there was no objection to the requested dismissal of the information, and the court ordered the information dismissed. The appellant then petitioned for a writ of habeas corpus. The writ was denied. This appeal followed.

It is first contended that NRS 178.554[2] and NRS 178.562[3] forbid any further prosecution of the appellant once the state moved for a dismissal of the information and the requested dismissal was granted. We do not agree.

While the same contention was not under direct consideration in Tellis v. Sheriff, 85 Nev. 557, 459 P.2d 364 (1969), we there found no jurisdictional defect in dual proceedings against an accused consisting of a grand jury indictment for the same offense which had been previously charged in an outstanding information. That holding was affirmed in Hall v. Sheriff, 86 Nev. 456, 470 P.2d 422 (1970), where we again approved such dual proceedings as the concurrent pendency of a grand jury indictment and a criminal complaint. It was reaffirmed by Simpson v. Sheriff, 86 Nev. 803, 476 P.2d 957 (1970). In *Tellis, Hall* and *Simpson,* supra, the prior proceedings by which the prosecution had been commenced were dismissed by the state after the grand jury indictment had been returned.

We fail to discern any prejudice to an accused when one of two pending vehicles for prosecution is dismissed, leaving him accused by only one. Such an election by the state is in no way detrimental to the accused, so long as the prohibition of NRS 178.562(1) against *"another prosecution"* is not violated. In this connection we hold that the state's election to proceed on one of two pending and viable forms of prosecution, and its dismissal of the proceeding under which it has elected not to prosecute, is not in violation of the provisions of NRS 178.562(1).[4]

---

[2]NRS 178.554, in pertinent part, reads: ". . . The district attorney . . . may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. . . ."

[3]NRS 178.562(1) reads: "1. An order for the dismissal of the action, as provided in NRS 178.554 and NRS 178.556, shall be a bar to another prosecution for the same offense."

[4]However, it is noted that the charge of aiding and abetting rape was contained in the criminal complaint and in the information which was dismissed. It was not charged in the grand jury indictment. The

It is next contended that the presence of an unauthorized person while the grand jury was in session requires a dismissal of the indictment. The transcript of the grand jury proceedings reveals the presence of a secretary from the district attorney's office, which the appellant charges is in violation of NRS 172.235.[5] However, the minutes of the grand jury proceedings, which are a part of the record on this appeal, specifically list the name of the secretary from the district attorney's office as being among "others whose presence is required by the grand jury." Thus the appellant has not carried the burden of persuasion in making it apparent that there was an unauthorized person present during the grand jury session, and there is no charge at all that the secretary from the district attorney's office was present during the grand jury deliberations or voting. Lujan v. State, 85 Nev. 16, 449 P.2d 244 (1969).

Moreover, such a challenge to the validity of the grand jury proceedings is one which properly must be made by motion (NRS 174.105(1)) and not by pre-trial habeas corpus proceedings. Cook v. State, 85 Nev. 692, 462 P.2d 523 (1969).

Finally, the appellant argues that the state failed to prove by competent evidence the substantial bodily harm charged by the indictment. Although no authority is submitted in support of that contention the transcript of the grand jury proceedings has been reviewed, and it contains sufficient evidence to support the charge of rape with substantial bodily harm.

The physician who treated the rape victim testified that there was considerable tearing of the area around the vagina and the rectum. There were three or four lacerations within the vagina. There was considerable bleeding, and so much pain

---

dismissal of the information without another pending vehicle for the prosecution of the accused for aiding and abetting rape, runs afoul of the provisions of NRS 178.562(1), and bars further prosecution of the appellant on that charge.

[5]NRS 172.235 reads: "The district attorney, the witness under examination, interpreters when needed, a stenographer for the purpose of taking the evidence, any person engaged by the grand jury pursuant to NRS 172.205, and any person requested by the grand jury to be present may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting."

240

that the victim had to be anesthetized. Such testimony constitutes sufficient competent evidence of substantial bodily harm as alleged in the indictment.

Affirmed.