JOSEPH BUSHNELL and PATRICK DORAN, Appellants,
v. THE STATE OF NEVADA, Respondent.

No. 12896

December 17, 1981                           637 P.2d 529

[Rehearing denied January 29, 1982]

*J. Gregory Damm,* State Public Defender, and *Michael K. Powell,* Carson City, for Appellants.

*Richard H. Bryan,* Attorney General, and *Thomas P. Wright,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

On August 13, 1979, appellants and a third individual were inmates at the Northern Nevada Correctional Center and were apprehended in an "off-limits" area of the institution. The inmates were placed under close supervision and transferred to the maximum security facility of the Department of Prisons. Administratively, appellants were charged with a disciplinary violation for attempted escape and were given penalties involving segregation by the prison authorities. As a result of the disciplinary proceedings, a referral for prosecution was made to the attorney general. On December 5, 1979, a complaint was brought by the attorney general alleging attempted escape, NRS 212.090. Appellants appeared before the justice court magistrate on December 5, 1979. They were appointed counsel and a preliminary hearing was set for January 16, 1980, and was held on that date.

Appellants first urge that the delay occurring between the offense on August 13, 1979, and the preliminary hearing on January 16, 1980, resulted in denial of their right to a speedy trial under the Sixth Amendment, NRS 171.178(1) and NRS 171.196. Appellants do not complain of the delay between the preliminary hearing and the trial of the case.

NRS 171.178(1) requires that an arrested person be taken before a magistrate without unnecessary delay. Subsection 3 of that statute specifies the procedures to be followed when more than 72 hours elapse between the arrest and the first appearance. Appellants contend that the apprehension of appellants on August 13, 1979, constituted an arrest within the meaning of NRS 171.178. We disagree. It is true that appellants were taken into custody when apprehended on that date. However,

the custody taken was simply a continuation of the custody granted to the institution by the sentencing court and was not an arrest within the meaning of NRS 171.178. *See* Wammack v. Sheriff, 86 Nev. 162, 466 P.2d 849 (1970); State v. Keith, 543 P.2d 235 (Wash. 1975). Appellants contend that a second delay resulted in deprivation of their right to a speedy trial in that the preliminary hearing was scheduled beyond the 15-day period prescribed by NRS 171.196(2). When the record establishes, as it does here, that the hearing was scheduled beyond the statutory limit due to an overcrowded calendar, such a delay is permissible. Stevenson v. Sheriff, 92 Nev. 535, 554 P.2d 255 (1976).

Even if the statute were applicable, reversal is not required without a showing that the delay caused the defendant to be deprived of a fair trial or caused the defendant to suffer prejudice. Tellis v. Sheriff, 85 Nev. 557, 459 P.2d 364 (1969). The concerns underlying the application to inmates of the right to a speedy trial, as expressed in Smith v. Hooey, 393 U.S. 374 (1969), have not been shown. Therefore, without a showing of prejudice, we cannot find that the mere passage of time violated appellants' right to a speedy trial.

Appellant Doran has challenged the sentence he received, alleging that the court imposed a harsher sentence upon him as a result of Doran's refusal to waive his Fifth Amendment right not to incriminate himself. We agree. The court asked Doran at the sentencing hearing if he still maintained his innocence, and Doran replied that he did. The court then imposed a sentence of three years on Doran's two codefendants, and sentenced Doran to five years.

This court will normally not interfere with the broad discretion granted to the trial court in sentencing. However, the lower court in this case announced that the sole reason for the disparity in sentences was the fact that Doran maintained his innocence.[1] Doran had not waived his right to remain silent. A defendant retains his Fifth Amendment rights after a jury verdict because the appellate process is still open to him. United States v. Rodriguez, 498 F.2d 302 (5th Cir. 1974). Imposition of a harsher sentence based upon the defendant's exercise of his constitutional rights is an abuse of discretion and the sentence cannot stand. Thomas v. United States, 368 F.2d 941 (5th

[1]The court stated in pronouncing sentence: "The reason for the disparity between Mr. Doran and the others, they acknowledged their guilt after having been found guilty in light of the overwhelming evidence in this proceeding and the admissions of the other two defendants."

Cir. 1966); *cf.* North Carolina v. Pearce, 395 U.S. 711 (1969) (exercise of right to appeal); In re Lewallen, 590 P.2d 383 (Cal. 1979) (refusal to plead guilty).

Therefore, we affirm the judgments of conviction of both Bushnell and Doran. However, the sentence of Doran is reversed and the case is remanded to the district court with instructions that the sentence of five years be vacated and a sentence of three years be imposed.