THE STATE OF NEVADA, Appellant, v.
PETER GATTUSO, Respondent.

No. 21613

January 24, 1992                                       825 P.2d 569

*Frankie Sue Del Papa*, Attorney General and *Stuart J. Newman*, Deputy, Carson City, for Appellant.

---

*James J. Jackson,* State Public Defender and *James P. Logan,* Deputy, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court dismissing a criminal complaint charging appellant with felony escape from lawful confinement.

On February 21, 1989, respondent Peter Gattuso, an inmate at the Nevada State Prison, escaped from the custody of correctional officers transporting him to a medical office in Carson City. After a chase involving gunshots in a residential area, Gattuso was recaptured in the back yard of a residence in Carson City. On January 19, 1990, almost eleven months later, a criminal complaint alleging escape and other charges was filed in the Justice's Court of Carson City Township. A warrant for Gattuso's arrest

was issued on January 24, 1990. Gattuso was brought before a magistrate on March 23, 1990, about two months after the criminal complaint was filed and fourteen months after he escaped and was apprehended. On April 5, 1990, at the preliminary hearing, counsel for Gattuso orally moved to dismiss the complaint on the grounds of pre-accusation delay. A decision on the motion was deferred to the district court.

On August 2, 1990, Gattuso filed in the district court a motion to dismiss. On September 14, 1990, the district court held a hearing on the motion, at which neither party presented evidence. At the hearing the district court asked the deputy attorney general to explain the eleven-month delay in filing a complaint against Gattuso. The deputy attorney general stated that he had no evidence and could offer no excuse. He explained, however, that the delay resulted from the slow referral of the case by prison officials to the attorney general's office for prosecution. The district court noted that the offense had occurred in a Carson City neighborhood, not at the prison. On September 26, 1990, the district court entered an order granting the motion and dismissing the complaint. This appeal followed.

The district court dismissed the complaint based on its findings that the delay in prosecuting Gattuso constituted a violation of Gattuso's constitutional right to a speedy trial and of the statutory requirement that an arrested person be brought before a magistrate without unnecessary delay. *See* U.S. Const. amend VI; NRS 171.178. The district court found that Gattuso was prejudiced by the delay because he suffered more restrictive custody, his ability to earn good time credits was abridged, the duration of his imprisonment may increase and the conditions under which he must serve his sentence were greatly worsened. Further, the district court found that the state had not shown good cause for the delay, and that the delay was caused by the state's "conscious indifference" to Gattuso's speedy trial right.

The state contends that the district court erred in dismissing the criminal complaint filed against Gattuso. We agree. This court has previously held that the apprehension of a prisoner is not an arrest within the meaning of NRS 171.178. Rather, it is simply a continuation of the custody granted to the correctional institution by the sentencing court. Bushnell v. State, 97 Nev. 591, 592-93, 637 P.2d 529, 530 (1981). Likewise, the United States Supreme Court has held that delay which occurs before a person is arrested or formally charged does not of itself constitute a violation of the Sixth Amendment right to a speedy trial. United States v. Lovasco, 431 U.S. 783 (1976); United States v. Marion, 404 U.S. 307, 313-23 (1971). The fact that Gattuso made good his escape

and was recaptured while at large in the community does not distinguish this case from *Bushnell,* where the defendants were apprehended in an "off limits" area of the correctional institution. The defendants in both *Bushnell* and this case were under an uninterrupted lawful sentence of confinement at all relevant times.

Further, NRS 171.178 does not require reversal absent a showing that the delay caused the defendant to suffer prejudice or deprived him of a fair trial. *Bushnell,* 97 Nev. at 593, 637 P.2d at 530 (citing Tellis v. Sheriff, 85 Nev. 557, 459 P.2d 364 (1969)). Similarly, the Supreme Court has explained that a defendant can obtain relief from preaccusation delay that does not exceed the applicable statute of limitations only if he can show that the delay prejudiced his ability to obtain a fair trial or that prosecution was delayed to gain some tactical advantage over him or to harass him. *Marion,* 404 U.S. at 325.

Because Gattuso's recapture was a continuation of lawful custody and not an arrest, the requirement in NRS 171.178 that an arrested person be brought before a magistrate without unnecessary delay was not applicable. Similarly, Gattuso's Sixth Amendment right to a speedy trial was not violated. Thus, those provisions do not authorize dismissal of the criminal complaint filed against Gattuso. *See Marion,* 464 U.S. at 323, *Bushnell,* 97 Nev. at 592-93, 627 P.2d at 530.

Further, the district court's finding that Gattuso was prejudiced is not supported by any evidence in the record on appeal. No evidence was presented to the district court at the hearing on the motion to dismiss, and the district court noted in its order that its "findings" were based on the arguments and briefs of counsel. Gattuso has not shown that he actually suffered any detriment in his condition of incarceration, or that any such detriment resulted from the delay in formally charging him with the crime of escape, rather than from appropriate prison disciplinary action. The record does not contain any evidence that the delay in filing formal charges diminished Gattuso's ability to obtain a fair trial, that the delay was intended to oppress Gattuso or gain some advantage over him, or that Gattuso suffered any actual prejudice caused by the delay. Therefore, the district court erred in dismissing the criminal complaint. *See Marion,* 464 U.S. at 323, *Bushnell,* 97 Nev. at 592-93, 637 P.2d at 530.

Accordingly, we vacate the order of the district court dismissing the criminal complaint filed against Gattuso and remand this matter for further proceedings.