MADISON BAYLES GRAVES, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 6768

July 20, 1972                    498 P.2d 1324

*George Foley,* of Las Vegas, for Appellant.

*Robert List,* Attorney General; *Herbert F. Ahlswede,* Chief Criminal Deputy, for Respondent.

## OPINION

By the Court, BATJER, J.:

This appeal is from the denial of a pre-trial application for habeas corpus testing probable cause at a preliminary hearing.

A criminal complaint was filed against the appellant charging him with involuntary manslaughter in violation of NRS

200.070,[1] and alleging that the appellant caused his automobile to strike and kill a pedestrian who was crossing a roadway within a marked crosswalk. After a preliminary examination the appellant was bound over to the district court for trial. He sought a writ of habeas corpus. Upon denial of habeas this appeal was taken.

The appellant contends that there was insufficient evidence introduced at the preliminary examination from which the magistrate could find probable cause to hold him to answer the charge of involuntary manslaughter, because the state had failed to show that the death of the pedestrian was caused by the automobile accident. We reject that contention.

The victim of the accident was elderly and according to the medical examiner who performed the autopsy she suffered from arteriosclerosis or hardening of the arteries. The medical examiner further found that she had an aortic aneurysm caused by the arteriosclerosis, and he testified that the cause of death was "traumatic rupture of an aortic aneurysm with hemothorax on the left," and that there was no other cause of death.

On cross-examination, counsel for the appellant sought to elicit testimony from the medical examiner to show that the rupture of the aneurysm was from natural causes, or that it was a spontaneous bursting unrelated to the trauma, but the witness persisted in his testimony that while such a rupture could have been caused naturally from internal blood pressure within the aorta, it was his opinion that internal blood pressure was not the cause of death in this victim, but that the association of the fractured vertebrae and ribs resulting in a pressing injury to the victim's chest caused the rupture of the aneurysm.

From an examination of the expert testimony of the medical examiner in the light most favorable to the appellant, the most that can be said is that counsel's cross-examination raised the possibility that the victim's death could have occurred from natural causes. However, the medical examiner testified that it was the trauma which caused the pedestrian's death.

We must determine whether the evidence received at the preliminary examination was sufficient to support a reasonable

[1]NRS 200.070: "Involuntary manslaughter shall consist in the killing of a human being, without any intent so to do, in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence in an unlawful manner; but where such involuntary killing shall happen in the commission of an unlawful act, which, in its consequences, naturally tends to destroy the life of a human being, or is committed in the prosecution of a felonious intent, the offense shall be deemed and adjudged to be murder."

inference that the death of the pedestrian was caused by the acts of the appellant.

NRS 171.206 requires the magistrate to hold an accused to answer in the district court if from the evidence produced at the preliminary examination it appears: ". . . [T]hat there is probable cause to believe that an offense has been committed and that the defendant has committed it. . . ."

An inference is a deduction which the trier of facts makes from the facts proved without an express direction of law to that effect. It must be reasonable and not so remote as to be unwarranted. Probable cause requires that the evidence be weighed toward guilt, though there may be room for doubt. The facts must be such as would lead a person of ordinary caution and prudence to believe and conscientiously entertain a strong suspicion. State v. von Brincken, 86 Nev. 769, 476 P.2d 733 (1970); Ex parte Kline, 71 Nev. 124, 282 P.2d 367 (1955).

In Azbill v. State, 84 Nev. 345, 350, 440 P.2d 1014 (1968), this court held: "If a death is thought to be caused by criminal means and a person is charged with a crime for causing that death, before he can be held for trial two things must be proved by sufficient legal evidence before a grand jury if an indictment is sought or before a magistrate if a complaint is filed and a preliminary hearing is held. They are (1) the fact that a crime has been committed, and (2) probable cause to believe that the person charged committed it. In proving the crime, which is otherwise known as the corpus delicti, two elements must be established: (1) the fact of death; and (2) the criminal agency of another responsible for that death. Beasley v. Lamb, 79 Nev. 78, 80, 378 P.2d 524 (1963)."

The state does not have the burden of negating all inferences that the victim may have died of natural causes; it does have the responsibility of establishing facts that will lead to the reasonable inference that her death was caused by the acts of the appellant. State v. von Brincken, supra.

The evidence introduced at the preliminary examination revealed that the victim was struck by an automobile while crossing a public street in a crosswalk, and that the appellant was the driver of the automobile. The victim suffered a skull fracture on the left and rear of the head, multiple rib fractures which were not displaced except on the left, and a fracture of the ninth thoracic vertebrae with lacerations of the pleura

associated with the fractures. The medical examiner testified that the only cause of death was the traumatic rupture of an aortic aneurysm with hemothorax. While he conceded that it was possible that the rupture could have been caused from internal blood pressure, he concluded that in his opinion it was caused by the pressing injury to the victim's chest. He further testified that the aneurysm was not punctured by the fractured ribs.

We believe that the expert opinion expressed by the medical examiner, together with the evidence of the extent of injury, established an inference of criminal agency causing the victim's death. As long as an inference of criminal agency could be drawn, it was proper for the magistrate to draw it, and leave to the trier of fact in district court the determination of guilt or innocence. Azbill v. State, supra; Miner v. Lamb, 86 Nev. 54, 464 P.2d 451 (1970).

Affirmed.

ZENOFF, C. J., and MOWBRAY, THOMPSON, and GUNDERSON, JJ., concur.