MICHAEL J. ANDRASON, Appellant, *v.* SHERIFF, WASHOE COUNTY, NEVADA, Respondent.

No. 7003

November 16, 1972                          503 P.2d 15

*LeRoy Arrascada,* of Reno, for Appellant.

*Robert List,* Attorney General, *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The appellant, Andrason, was charged with having committed the crime of battery with resulting "serious physical injury" to the victim, a gross misdemeanor.[1] Following a preliminary examination he was held to answer in the district court. In that court he filed a pretrial petition for a writ of habeas corpus in which he challenged the sufficiency of the evidence to bind over and the constitutionality of the statute under which he was charged. This appeal is from the order of the district court denying habeas relief. He contends that the evidence produced at the preliminary examination fails to show that the battery he committed resulted in "serious physical injury" to his victim. Moreover, he argues that the phrase "serious physical injury" is unconstitutionally vague. Neither contention has merit.

1.  The victim, a middle-aged female, was kicked in the groin and lost consciousness as the result of the pain therefrom. The area turned black and ·blue, was swollen, and a lump developed. Four months after the incident her legs still bothered her after standing any length of time. She was treated by two doctors for her injury. This evidence supports a reasonable inference that the victim sustained a "serious physical injury," and satisfies the quantum of proof necessary to allow the magistrate to order that the accused be held for trial in the

---

[1]NRS 200.481: 1. As used in this section, "battery" means any willful and unlawful use of force or violence upon the person of another.

2.   Any person convicted of a battery shall be punished:

(a) If the battery is not committed with a deadly weapon, and no physical injury to the victim results, for a misdemeanor.

(b) If the battery is not committed with a deadly weapon, and serious physical injury to the victim does result, for a. gross misdemeanor.

(c) If the battery is committed with the use of a deadly weapon, by imprisonment in the state prison for not less than 2 years nor more than 10 years.

district court. Graves v. Sheriff, 88 Nev. 436, 498 P.2d 1324 (1972); Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971).

2. The words "serious physical injury" are words of ordinary significance and readily understood by men of ordinary intelligence. State v. McKeehan, 430 P.2d 886 (Idaho 1967); State v. Perry, 426 P.2d 415 (Ariz.App. 1967); Thomas v. State, 116 S.W. 600 (Tex.Cr.App. 1909). Accordingly, the statutory language accommodates constitutional commands. Parkus v. State, 88 Nev. 553, 501 P.2d 1039 (1972).

Affirmed.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.