LARRY BROOKS, APPELLANT, v. SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 7120

June 7, 1973                            510 P.2d 1371

*Morgan D. Harris,* Public Defender, and *Thomas D. Beatty,* Assistant Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

After a preliminary examination appellant was ordered to stand trial for burglary (NRS 205.060), and battery with intent to commit rape (NRS 200.400(3)).

Contending the state failed to establish probable cause to hold him for trial on the charges, appellant filed pre-trial habeas, challenging the information, and now appeals from the order denying him relief.

The testimony[1] given by the victim at the preliminary examination reflects that she and her baby were in bed sleeping, about 4:30 a.m. on June 27, 1972. She was awakened by appellant, who was choking her. He held a knife, taken from her kitchen, and told her to be quiet and take her clothes off. He unzipped and either lowered, or removed, his trousers. The victim told appellant her husband was due home very soon; he went to the door, looked both ways and returned to the bed and beat and struck her several times about the head and face. Her pillow was covered with blood. Appellant subsequently ran out the door. The entire episode lasted from 10 to 15 minutes. During this time she had several opportunities to view

---

[1]The victim is of Latin-American origin and understands the English language but has difficulty speaking in English. Her answers were given through an interpreter.

him in the artificial light. Money, taken from the victim's wallet, led to the burglary charge which is not seriously challenged on this appeal.

It is conceded that the evidence presented to the magistrate established that injuries were inflicted upon the victim, but appellant strongly urges the injuries were trivial, and only amounted to "simple battery" because there was no showing of the "substantial physical injury" that would enhance the penalty for the offense.[2]

The victim described her injuries as a cut on the left side of her forehead, swollen eyes and a swollen head. She was the only one called to testify. The magistrate observed her on the stand and concluded that there was sufficient probable cause to show "substantial bodily injury." Turpin v. Sheriff, 87 Nev. 236, 484 P.2d 1083, (1971); Andrason v. Sheriff, 88 Nev. 589, 503 P.2d 15 (1972).[3]

Substantial physical injury is a question of degree to be determined from the evidence by the trier of fact. Although some physical injuries are unquestionably substantial and others trivial here the "evidence supports a reasonable inference that the victim sustained a 'serious physical injury,' and satisfies the quantum of proof necessary to allow the magistrate to order that the accused be held for trial in the district court." Andrason v. Sheriff, supra at 590–591. The appellant's other contentions are also without merit.

Affirmed.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and ZENOFF, JJ., concur.

---

[2]NRS 200.400(3):

"Any person convicted of battery with intent to kill, commit rape, the infamous crime against nature, mayhem, robbery or grand larceny shall be punished by imprisonment in the state prison for not less than 2 years nor more than 10 years, except that if a battery with intent to commit rape is committed, and if such crime results in *substantial physical injury* to the victim, the person convicted shall be punished by imprisonment in the state prison for life, with or without the possibility of parole, . . . as determined by the verdict of the jury, or the judgment of the court if there is no jury." [Emphasis added.]

[3]Cf. State v. Nieuhaus, 117 S.W. 73 (Mo. 1909), which noted that as far back as the statute 9 Geo. IV, c. 31, § 13, (1828), an injury to a person was considered to be serious where the skin is broken and blood is drawn; and State v. Perry, 426 P.2d 415 (Ariz.App. 1967), where the court concluded that a black eye, a cut on the back of the head and a broken rib constituted "serious bodily injury."