ROBERT LEE GIBSON, APPELLANT, v.
STATE OF NEVADA, RESPONDENT.

No. 10197

February 7, 1979                                     590 P.2d 158

W. H. Tobeler, Reno, for Appellant.

Richard Bryan, Attorney General, Carson City; Calvin Dunlap, District Attorney, and Bruce R. Laxalt, Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted Robert Lee Gibson of causing substantial bodily harm to another by driving under the influence of intoxicating liquor, a felony pursuant to NRS 484.3795.[1] Gibson's sole argument on appeal challenges the sufficiency of evidence supporting the jury finding the victim's bodily injury was "substantial."

We disagree with appellant's contention. Both parties suggest that the definition of "substantial bodily harm" contained in NRS 193.015, although not directly applicable, should govern by analogy.[2] Without imposing any legal requirement in this respect for other cases based on NRS 484.3795, we accept the parties' position and apply NRS 193.015 for purposes of this appeal. NRS 193.015 provides in pertinent part:

" 'Substantial bodily harm' means:

"1. Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ; or

"2. Prolonged physical pain."

In considering the similar phrase, "substantial physical injury," as an enhanced penalty standard in a different context, we have held it poses a question of degree to be determined from the evidence by the trier of fact. Brooks v. Sheriff, 89 Nev. 260, 510 P.2d 1371 (1973). In applying the definition contained in NRS 193.015, we think the jury retains this role. We also think the record indicates evidence sufficient to support a finding of substantial bodily harm as defined. The jury could have found that the victim suffered either "protracted loss of the function of a bodily member" or "prolonged physical pain" or both.

The victim was knocked unconscious for some period of time by the initial impact of appellant's vehicle, and was

---

[1]NRS 484.3795 provides in pertinent part:

"Any person who, while under the influence of intoxicating liquor . . . does any act or neglects any duty imposed by law while driving . . . , which act or neglect of duty proximately causes the death of, or substantial bodily harm to, any person other than himself, is guilty of a felony."

[2]By its terms, NRS 193.015 is limited in application to Title 16 of NRS.

pinned in the wreckage of the vehicle in which she was a passenger. Screams and moans were heard coming from that vehicle. After an ambulance transported the victim to the hospital, emergency room physicians deemed her in need of immediate care by specialists. Her nose was "crushed," her face lacerated, and her wrist broken.

The facial lacerations required stitches and will leave residual scars. The wrist fracture was severe, requiring a period of traction before it could be set and placed in a cast.

The attending plastic surgeon described the nose injury as "substantial." The official diagnosis was "severe comminuted fracture . . . one in which instead of just two simple parts, it's in several pieces." This injury was compounded by a cut, one inch deep, penetrating to the underlying nasal facial bones of the skull. The nose had to be re-structured, and administration of anesthesia caused severe pain. Because of the nature of the injury, swelling of internal tissue was predicted to occur periodically for up to a year following the accident and prognosis for functional recovery was uncertain.

Affirmed.