SHERIFF, CLARK COUNTY, NEVADA, Appellant, *v.*
DONALD BRYCE RICHARDSON, Respondent.

No. 17600

March 31, 1987                                          734 P.2d 735

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, Las Vegas, for Appellant.

*Sully, Lenhard & Raizin,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent Donald Bryce Richardson was charged by information with one count of filing a false claim for insurance benefits, a felony in violation of NRS 686A.291(1). The district court granted respondent's pretrial petition for a writ of habeas corpus, dismissed the charge against him, and this appeal followed. For the reasons set forth below, we affirm the order of the district court in part and we reverse the order of the district court in part.

At respondent's preliminary hearing, the state established that respondent was a principal in Mercury Enterprises, Inc. Pasquale Raimundo, a claims investigator for the alleged victim in this matter, Hartford Insurance Company (Hartford), testified that respondent filed personal injury and property damage claims with Hartford following a traffic accident involving one of Hartford's insureds. Respondent's car was totalled as a result of that accident, and respondent ultimately received $6000 as a settlement for his claims.

Raimundo testified that on June 8, 1983, he called respondent's office and spoke with one of respondent's employees. Two days later, the employee brought Raimundo some documents to support respondent's claims. Among those documents was a copy of a draft from Mercury Enterprises to Intercontinental Leasing Corporation in the amount of $1834, and a copy of a rental receipt from Intercontinental Leasing to :"Don Richardson % [sic] Mercury Enterprises, Inc." The rental receipt indicated that respondent had rented an automobile from Intercontinental Leasing and incurred a bill in the amount of $1834. The receipt further indicated a payment of $1834, and was signed by a person named "Sam." Raimundo stated that the copies of the draft and the receipt were used to substantiate respondent's claim for expenses that he incurred when he was allegedly forced to rent a car following the accident. Copies of the draft and the rental receipt were admitted into evidence at the preliminary hearing.

In addition to the copies of the draft and the rental receipt, the state also presented evidence that the draft to Intercontinental Leasing never cleared the bank. Further, the state introduced certified copies of records from the Department of Motor Vehicles which allegedly showed that Mercury Enterprises purchased the vehicle described in the rental receipt almost two months prior to the time that respondent claimed to have rented that vehicle from Intercontinental Leasing.

Finally, Raimundo testified that on September 15, 1983, he received through respondent's former attorney a letter and a copy

of respondent's W-2 wage and tax statement for the year 1982. The letter was apparently signed by another principal in Mercury Enterprises, Anthony Gillespie. Those documents were admitted into evidence at the preliminary hearing and reflected that respondent had a gross income of $2500 per month in 1982, or a gross annual income of $30,000. Raimundo stated that the wage and tax statement and the letter were submitted to substantiate respondent's claim for lost earnings that allegedly resulted from the accident. Raimundo admitted, however, that he conducted no independent investigation into the validity of the wage and tax statement.

Gillespie, however, testified that he did not prepare the wage and tax statement or the letter supporting respondent's claim for lost earnings. Gillespie further stated that although the signature on the letter appeared to be his, it was either a forgery or it was affixed to the letter through the use of a signature stamp. Finally, Gillespie testified that he was respondent's partner in Mercury Enterprises and that he and respondent made only $15,000 each in 1982.

At the close of the preliminary hearing, the justice of the peace found that the state had presented sufficient evidence to bind respondent over to the district court for trial. Accordingly, on May 12, 1986, an information was filed in the district court charging respondent with one count of filing a false claim for insurance benefits. The information specifically alleged that respondent had submitted false documents to support his claim for lost earnings and his claim for expenses incurred when he was allegedly forced to rent a car as a result of the accident.

In his pretrial petition for a writ of habeas corpus, respondent contended that the evidence adduced at the preliminary hearing was insufficient to establish that he filed a false claim for insurance benefits. In particular, respondent pointed out that Mercury Enterprises issued a check to Intercontinental Leasing in the amount of $1834 and received a receipt from Intercontinental Leasing reflecting a payment of $1834 in return. Respondent argued that the state had never attacked the validity of the receipt, and asserted that the receipt was not rendered invalid simply because Intercontinental Leasing failed to cash the check. Respondent further argued that the state had failed to determine whether the wage and tax statement submitted to Hartford was in fact a false document, or to connect respondent with the wage and tax statement or the accompanying letter which bore Gillespie's signature. The lower court agreed with respondent and granted his request for a writ of habeas corpus. This appeal followed.

Absent a showing of substantial error on the part of the district court in granting a writ of habeas corpus based on insufficient

evidence, this court will not overturn the lower court's determination. Sheriff v. Provenza, 97 Nev. 346, 630 P.2d 265 (1981). The finding of probable cause to support a criminal charge "May be based on slight, even 'marginal' evidence, . . . because it does not involve a determination of the guilt or innocence of an accused." Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980) (citations omitted). "To commit an accused for trial, the State is not required to negate all inferences which might explain his conduct, but only to present enough evidence to support a reasonable inference that the accused committed the offense." Kinsey v. Sheriff, 87 Nev. 361, 363, 487 P.2d 340, 341 (1971).

NRS 686A.291 provides in pertinent part:

> Any person who knowingly and willfully:
> 1.  Presents or causes to be presented to any insurer, any false, incomplete or misleading information concerning a material fact whether written or oral, as a part of or in support of any claim for payment, reimbursement or other benefit;
>
>   . . .
>
> shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years or by a fine of not more than $5,000, or by both fine and imprisonment.

In the present case, the information specifically alleged that respondent submitted false documents to support his claims for lost earnings and incidental expenses. We note, however, that respondent submitted a wage and tax statement to Hartford reflecting that he made $30,000 in 1982 to support his claim for lost earnings resulting from the accident. Although the state presented the testimony of respondent's partner that respondent made only $15,000 during 1982, the state did not present any other evidence regarding the validity of the wage and tax statement. Significantly, the state did not present any evidence at the preliminary hearing which tended to show that the wage and tax statement submitted to Hartford was not a copy of the wage and tax statement submitted to the IRS reflecting respondent's 1982 earnings. Under these circumstances, we are not persuaded that the district court committed substantial error when it determined that insufficient evidence was adduced at the preliminary hearing to establish probable cause to believe that respondent knowingly submitted false documentation to Hartford to support his claim for lost earnings. *See* Sheriff v. Provenza, 97 Nev. 346, 630 P.2d 265 (1981). Accordingly, we affirm the order of the district court insofar as it determined that insufficient probable cause existed to

bind respondent over for trial on the charges relating to respondent's claim for lost earnings.

Respondent's claim for incidental expenses is, however, a different matter. In particular, we note that the rental receipt from Intercontinental Leasing indicates that respondent leased the car described in that document from May 6, 1983, to June 2, 1983. The records of the Department of Motor Vehicles, however, appear to indicate that respondent's business, Mercury Enterprises, acquired title to the vehicle described in the rental receipt in March, 1983, nearly two months prior to the time that respondent allegedly rented that car from Intercontinental Leasing. Thus, the records from the Department of Motor Vehicles tend to show that respondent submitted a claim to Hartford for reimbursement of expenses incurred in renting a car that his business, Mercury Enterprises, already owned. Further, bank records admitted into evidence at the preliminary hearing established that the check to Intercontinental Leasing never cleared the bank. Accordingly, we conclude that sufficient evidence was adduced at the preliminary hearing to support a reasonable inference that the rental receipt respondent submitted to Hartford was a false document and that respondent knew it was a false document when he submitted it to Hartford to support his claim for incidental expenses resulting from the accident.

In light of the above, we conclude that sufficient evidence was adduced at the preliminary hearing to bind respondent over for trial on the charges relating to respondent's claim for the expenses that he incurred when he allegedly rented an automobile from Intercontinental Leasing. Accordingly, the district court committed substantial error when it found that there was insufficient evidence to bind respondent over for trial on the charge stemming from the allegedly false claim for reimbursement of the car rental expenses. *See* Sheriff v. Provenza, 97 Nev. 346, 630 P.2d 265 (1981). Therefore, we reverse the order of the district court granting the pretrial petition for a writ of habeas corpus insofar as it determined that insufficient probable cause existed to bind respondent over for trial on the allegations concerning respondent's claim for incidental expenses resulting from the accident. We therefore remand this matter for further proceedings consistent with this opinion.