SHERIFF, WASHOE COUNTY, APPELLANT, *v.*
GREGORY RONALD MILTON, RESPONDENT.

No. 23504

April 27, 1993 851 P.2d 417

[Rehearing denied June 22, 1993]

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney, *David Wayment,* Deputy District Attorney, Washoe County, for Appellant.

*Michael R. Specchio,* Public Defender, *Janet Cobb Schmuck,* Deputy Public Defender, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

Respondent Gregory Milton, who had been ordered to stand trial for two counts of murder, one count of robbery with the use of a deadly weapon and one count of grand larceny, petitioned for habeas corpus relief. The district court granted the petition and dismissed the charges against him. The State appealed. We conclude that the district court committed substantial error when it determined there was insufficient evidence to bind Gregory over for trial, and we reverse the order of the district court.

## Facts

On December 14, 1991, William and Gwen Milton were found murdered in their Sparks home. William Milton had been stabbed repeatedly around his torso and also had a blunt injury to his head, a black eye, and defensive wounds on his hands. Lying next to William's body were his empty money clip and his empty wallet. Gwen Milton was found lying in a room across from where William's body was found. She sustained many deep stab wounds to her chest and to the side of her head, and she had defensive wounds on her hands. Gwen's empty purse was found near her body.

The police found the Milton home in a locked condition with no sign of forced entry. Also, the police found that a spare key to the home, which usually hung in the garage, was missing. Additionally, the police determined that $1,194.35 had been taken from a coin-counter in William's office and that money had been taken from a wine bottle William kept inside the master bedroom closet.

In his pretrial petition for a writ of habeas corpus, Gregory contended that the evidence adduced at the preliminary hearing was insufficient to establish probable cause that he committed the charged offenses. Specifically, Gregory argues that there was not sufficient evidence to establish his identity as the perpetrator of the crimes committed against the Miltons. The district court conceded that at Gregory's preliminary hearing, the State established that Gregory had both the motive (financial gain and

revenge) and opportunity to kill his parents, but agreed with Gregory that there was insufficient evidence to identify Gregory Milton as the perpetrator. The district court granted Gregory's request for a writ of habeas corpus. This appeal ensued.

## Discussion

Absent a showing of substantial error, this court will not overturn on appeal a lower court's granting of a writ of habeas corpus based on insufficient evidence. Sheriff v. Richardson, 103 Nev. 180, 734 P.2d 735 (1987). This court has held that a suspect may not be bound over for trial unless the State demonstrates that there exists probable cause that the suspect committed the charged crime. *Id.* Probable cause to support a criminal charge "[m]ay be based on 'slight,' even 'marginal' evidence, . . . because it does not involve a determination of the guilt or innocence of an accused." Sheriff v. Hodes, 96 Nev. 184, 186, 606 P.2d 178, 180 (1980). Citations omitted. "To commit an accused for trial, the State is not required to negate all inferences which might explain his conduct, but only to present enough evidence to support a reasonable inference that the accused committed the offense." Kinsey v. Sheriff, 87 Nev. 361, 363, 487 P.2d 340, 341 (1971).

We believe such evidence as presented at the preliminary hearing, while marginal, is sufficient to determine that there was probable cause to hold Gregory over for trial. *See* Perkins v. Sheriff, 92 Nev. 180, 547 P.2d 312 (1976). The State noted that the killer was someone who was highly familiar with the Miltons and their home; there were no signs of forced entry, the house was not ransacked, and the killer stole only nontraceable cash, eschewing the readily identifiable money clip and other personal property in the home. Further, since money was the only thing taken, one can assume the killer needed money; Gregory was the only family member who needed money. Also, the massive overkill of the Miltons indicates that the killer may have harbored ill will towards them; Gregory had threatened to kill his father, and there was substantial evidence that William Milton physically and sexually abused Gregory. In addition, the killer smoked unfiltered cigarettes, since an unfiltered cigarette with a red stain on it, possibly a blood stain, was found at the crime scene; the Miltons smoked filtered cigarettes and Gregory smoked unfiltered cigarettes. Moreover, the killer used a knife to kill the Miltons; Gregory had a propensity for violence with knives.

Further, shortly after the killings, Gregory, who had been

unemployed and had no money in the bank, suddenly had enough cash to make a deposit on an apartment. As the State points out, Gregory made statements to several witnesses indicating that he had inside knowledge of the crime. Finally, Gregory engaged in suspicious behavior immediately during and after the time of the murders; Gregory was seen sitting in a "trance" the night of the murders and had made sudden plans to leave town immediately after the murders, forfeiting the deposit on his apartment.

In conclusion, for the reasons specified above, we reverse the order of the district court granting the pretrial petition for a writ of habeas corpus and remand this matter with instructions to reinstate all charges.[1]

---

[1]At this point in the criminal process, we are not concerned that such evidence may, by itself, be insufficient to convict Gregory of his charged offenses. *Perkins,* 92 Nev. at 180, 547 P.2d at 312.