OPINION

Per Curiam:

Appellant was charged with sexual assault arising from an incident which occurred on June 6, 1993. Appellant, described as a “street person,” assaulted the victim by the dumpster at her apartment complex. Evidence produced at trial showed that the victim suffered multiple injuries during the assault, including bruises, scratches, a black eye, and a broken arm. Appellant denied harming the victim, and testified that the victim consented to having sex. At trial, the instructions to the jury included the following instructions:
*1210 Instruction No. 4. In order to establish the crime of Sexual Assault, it must be established that the following elements exist:
1. The defendant knowingly, willingly, and unlawfully
2. without consent, subjected another person
3. to sexual penetration of any kind.
Instruction No. 6. Physical force is not a necessary ingredient in the commission of the crime of sexual assault. The crucial question is not whether the victim was penetrated by physical force, but whether the act was committed without her consent.
Instruction No. 7. There is no consent where the victim is induced to submit to the sexual act through fear of death or serious bodily injury.
Instruction No. 8. The victim of a sexual assault is not required to do more than her age, strength, surrounding facts and attending circumstances make it reasonable for her to do to manifest her opposition.
Instruction No. 10. “Substantial bodily harm” means bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ or causes prolonged physical pain.
During the jury deliberations, the jury questioned the district court concerning the term “serious” contained in the definition of “substantial bodily harm” in Instruction No. 10. The district court instructed the jury that the term “serious” applied to “permanent disfigurement” and “protracted loss,” but not to “impairment” or “prolonged physical pain.”
The jury returned a verdict of guilty, and appellant was sentenced to serve a term of life with the possibility of parole in the Nevada State Prison, with no parole eligibility until ten years are actually served. This appeal followed.

DISCUSSION

Appellant first contends that the district court erred in refusing to give appellant’s jury instruction that consent must be determined according to an objective, “reasonable person” test. Appellant contends that absent such a test, the jury instructions given would allow the jury to find a lack of consent based solely on the victim’s subjective or secret intent not to consent. A defendant has no “absolute right to have his own instruction *1211 given, particularly when the law encompassed in that instruction is fully covered by another instruction.” Milton v. State, 111 Nev. 1487, 1492, 908 P.2d 684, 687 (1995) (citing Stroup v. State, 110 Nev. 525, 529, 874 P.2d 769, 771 (1994)). The jury instructions at trial correctly stated the law and adequately informed the jury concerning the consent element of sexual assault, and appellant cites no authority to support his proposed standard of consent. Further, in light of the evidence of the victim’s substantial injuries, it is clear that the jury’s verdict did not turn on the issue of whether the victim “subjectively” or “objectively” consented to the assault. Accordingly, we conclude that the district court did not err in refusing to adopt appellant’s proposed test and give appellant’s proposed instruction regarding consent.
Appellant next contends that the district court erred in refusing to instruct the jury that, in order to find substantial bodily harm, it must find “serious” permanent disfigurement, “serious” protracted loss, or “serious” impairment of the function of any bodily member or organ. Appellant contends that such an instruction is a plain reading of NRS 0.060, which reads:
“Substantial bodily harm” defined. Unless the context otherwise requires, “substantial bodily harm” means:
1. Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ; or
2. Prolonged physical pain.
Appellant contends that the district court erred in informing the jury that “serious” applies only to permanent disfigurement or protracted loss. Appellant further contends that the district court’s failure to instruct the jury that “impairment of the function of a bodily member or organ” must be “serious” rather than “non-serious” was critical to the verdict against appellant.
NRS 0.060 was added to NRS in 1985, replacing the identical definition in former NRS 193.015, and this court has not directly addressed the construction of the statute. In Gibson v. State, 95 Nev. 99, 100, 590 P.2d 158, 159 (1979), this court found that there was sufficient evidence to support a finding of substantial bodily harm under former NRS 193.015, stating that “[t]he jury could have found that the victim suffered either ‘protracted loss or impairment of the function of a bodily member’ or ‘prolonged physical pain’ or both.” In Levi v. State, 95 Nev. 746, 748, 602 P.2d 189, 190 (1979), another case construing former NRS 193.015, this court held:
*1212 Although it is true that the burns to the boy’s stomach and hand did not create a substantial risk of death, protracted loss or impairment of a bodily member or organ, or prolonged physical pain, there was sufficient evidence offered to enable the jury to find a serious permanent disfigurement.
(Emphasis added.) Without specifically addressing the issue, therefore, this court limited the application of “serious” to “permanent disfigurement” under former NRS 193.015.
The same construction has been applied in other jurisdictions that use the same or similar statutory language to define substantial bodily harm (alternatively titled great bodily harm, serious bodily harm, and so forth). See, e.g., Williams v. State, 696 S.W.2d 896, 898 (Tex. Crim. App. 1985); People v. Santos, 556 N.Y.S.2d 376, 377-78 (N.Y. App. Div. 1990); State v. Childers, 801 S.W.2d 442, 446 (Mo. Ct. App. 1990); Commonwealth v. Phillips, 410 A.2d 832, 834 (Pa. Super. Ct. 1979).
In State v. Silva, 864 P.2d 583 (Haw. 1993), the Hawaii Supreme Court addressed the construction of Haw. Rev. Stat. section 707-710, which contains language identical to NRS O.060. The Silva court held:
Silva argues that the word “serious” in the definition is meant to modify both “permanent disfigurement” and “protracted loss or impairment of the function of any bodily member or organ.” Silva maintains that, because Dr. Behrendt’s stipulated testimony stated only that Simpson had suffered a protracted loss or impairment of his right eye and not a serious protracted loss or impairment, the prosecution failed to adduce sufficient evidence at trial to convict him under HRS Sec. 707-710. We disagree.
First, it is clear from the plain phrasing of the applicable statutory definition that the word “serious” modifies only the first phrase — “permanent disfigurement” — and not the second phrase beginning with “protracted loss.” Additionally, simple logic dictates that the word “serious” is only meant to modify the first phrase and not the second.
Moreover, the addition of the modifier “serious” would add nothing to the second applicable phrase other than redundancy. By its very nature, a “protracted loss or impairment of the function of any bodily member or organ” is a serious injury. ... It is incomprehensible that the protracted loss or impairment of a leg, an arm, or an eye, as in the present case, could be anything but “serious.”
Id. at 590. The Silva court’s analysis is equally applicable to NRS 0.060. Accordingly, we conclude that the district court did not *1213 err in refusing to instruct the jury that it must find “serious” “protracted loss” or “impairment” in order to establish substantial bodily harm under NRS 0.060.
We further conclude that the district court erred in instructing the jury that “serious” also modifies “protracted loss” under NRS 0.060. However, by instructing the jury that it was required to find that the victim suffered “serious protracted loss” rather than “protracted loss” of the function of any bodily member or organ, the district court set an arguably higher standard for the jury to find substantial bodily harm than that required by NRS 0.060. Therefore, even assuming that the jury verdict rested solely on a finding of “serious” protracted loss of the use of the victim’s broken arm, the same evidence would support a finding of, as appellant terms it, “non-serious” protracted loss. Because the district court’s misinterpretation of NRS 0.060 did not affect the jury verdict, we conclude that the error was harmless.
Having concluded that appellant’s contentions lack merit, we affirm the district court’s judgment of conviction.[1]

We note that the parties submitted a document entitled “Stipulation to Supplement the Record on Appeal,” in which the parties stipulate that information already contained in the record is accurate. Accordingly, no order granting leave to supplement the record on appeal is required.