NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TYTRELL TREVON BRYANT, *Appellant.*

No. 1 CA-CR 18-0057
FILED 2-21-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-107856-001
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Randall M. Howe and Judge Jennifer B. Campbell joined.

---

**M c M U R D I E**, Judge:

¶1　　　　Tytrell Trevon Bryant appeals from his convictions and sentences for aggravated assault, unlawful discharge of a firearm, and misconduct involving weapons. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND[1]**

¶2　　　　In February 2017, Bryant and another man confronted the victim as he was seated in the front passenger seat of a friend's vehicle. After exchanging words with the victim, Bryant allegedly struck him in the head with a gun. Bleeding from the blow to his head, the victim attempted to flee but fell shortly after exiting the vehicle. Bryant then approached the victim as he lay on the ground and shot him. The bullet penetrated and went through the victim's arm. Despite his injuries, the victim managed to get to his feet and escape.

¶3　　　　Bryant was subsequently arrested and indicted on four counts: (1) one count of aggravated assault with a deadly weapon, a class 3 dangerous felony, for striking the victim in the head with a gun; (2) a second count of aggravated assault with a deadly weapon, a class 3 dangerous felony, for shooting the victim; (3) one count of misconduct involving weapons, a class 4 dangerous felony, for possessing a handgun as a prohibited possessor; and (4) one count of unlawful discharge of a firearm, a class 6 dangerous felony, for firing the gun during the confrontation with the victim. The State also alleged Bryant had two historical prior felony convictions, committed the offenses charged in the

---

[1]　　　We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against Bryant. *State v. Harm*, 236 Ariz. 402, 404, ¶ 2, n.2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

indictment while on release from confinement, and the offenses involved several aggravating circumstances.

¶4        After a four-day trial, a jury found Bryant guilty of the second count of aggravated assault, unlawful discharge of a firearm, and misconduct involving weapons, but could not reach a verdict on the first count of aggravated assault. The trial then moved to the aggravation phase. In this phase, the jury had to determine whether: (1) the offenses involved the infliction or threatened infliction of serious physical injury, Ariz. Rev. Stat. ("A.R.S.") § 13-701(D)(1); and (2) the offenses caused physical harm to the victim, A.R.S. § 13-701(D)(9). The jury also had to determine whether Bryant was on release at the time of the offenses. However, the jury was not instructed on the statutory definition of "serious physical injury." A.R.S. § 13-105(39). The jury found the three allegations proven for all three offenses beyond a reasonable doubt.

¶5        The court sentenced Bryant to an aggravated term of 17.5 years' imprisonment on the second aggravated assault count. The court also sentenced Bryant to 12 years' imprisonment on the misconduct involving weapons count and 4.5 years' imprisonment on the unlawful discharge of a firearm count, to be served concurrently with the aggravated-assault sentence. Bryant timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

### A.    The Superior Court Did Not Commit Fundamental Error by Failing to Define "Serious Physical Injury."

¶6        Bryant argues the superior court erred by failing to instruct the jury regarding the statutory definition of "serious physical injury," *see* A.R.S. § 13-105(39), before the jury considered the aggravating circumstance of whether Bryant's criminal conduct involved the "infliction or threatened infliction of serious physical injury," *see* A.R.S. § 13-701(D)(1). Bryant contends the failure to define serious physical injury "lessened the burden that the State had to carry," because the jury was instructed as to the definition of "physical injury" at a separate phase of the trial. We disagree.

¶7        Because Bryant did not object to the failure to give the instruction, we review only for fundamental error. *State v. Valles*, 162 Ariz. 1, 6 (1989). Our supreme court has recently described a defendant's burden on fundamental error review as follows:

A defendant establishes fundamental error by showing that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial. If the defendant establishes fundamental error under prongs one or two, he must make a separate showing of prejudice, which also "involves a fact-intensive inquiry." If the defendant establishes the third prong, he has shown both fundamental error and prejudice, and a new trial must be granted.

*State v. Escalante*, 245 Ariz. 135, 141, ¶ 21 (2018) (citation omitted) (quoting *State v. Henderson*, 210 Ariz. 561, 568, ¶ 26 (2005)). With respect to jury instructions, "the test is whether the instructions adequately set forth the law applicable to the case." *State v. Rodriguez*, 192 Ariz. 58, 61, ¶ 16 (1998). "We view jury instructions in their entirety when determining whether they adequately reflect the law." *Id.* at 61–62, ¶ 16.

¶8          At the outset, we reject the implication of Bryant's argument that without instruction on the statutory definition of "serious physical injury," the jury equated "physical injury" with "serious physical injury." During the guilt phase of the trial, the jury was instructed to determine whether Bryant "intentionally, knowingly or recklessly caused a physical injury to another person." *See* A.R.S. § 13-1203(A)(1). The jury was also instructed on the statutory definition of "physical injury," which means "the impairment of physical condition." *See* A.R.S. § 13-105(33). At the aggravation phase of the trial, the jury was instructed to determine whether the offenses "involved the infliction or threatened infliction of *serious physical injury*," A.R.S. § 13-701(D)(1) (emphasis added). The jury was also instructed to "decide each aggravating factor separately on the evidence with the law applicable to it." We presume the jurors read and followed these instructions. *See State v. Newell*, 212 Ariz. 389, 403, ¶ 69 (2006). The question then is not whether the jury improperly equated "physical injury" with "serious physical injury." Instead, we must determine whether the common meaning of the word "serious," coupled with the statutory definition of "physical injury" available to the jury, has essentially the same meaning as the statutory definition of "serious physical injury." *See State v. Zaragoza*, 135 Ariz. 63, 66 (1983) (when statutory definition and common definition are "essentially the same," failure to include statutory definition in jury instructions is not fundamental error); *Valles*, 162 Ariz. at 6–7 (finding no error in failure to define "deadly weapon" when the common definition and statutory meaning of "deadly weapon" were essentially the same).

¶9        A common definition of "serious" in the context of an injury is "having important or dangerous possible consequences." Merriam-Webster's Collegiate Dictionary 1136 (11th ed. 2012); *see also* Webster's Third New International Dictionary 2073 (1969) (defining "serious" as "grave in disposition, appearance, or manner"). Black's Law Dictionary further defines the term "serious" for an injury as "dangerous; potentially resulting in death or other severe consequences." *Serious*, Black's Law Dictionary (10th ed. 2014). The common meaning of the term "serious," combined with the statutory definition of physical injury, tracks with the statutory definition of "serious physical injury," which "includes physical injury that creates a reasonable risk of death, or that causes serious and permanent disfigurement, serious impairment of health or loss or protracted impairment of the function of any bodily organ or limb." A.R.S. § 13-105(39). Consequently, there was no danger that the failure to instruct the jury on the definition of "serious physical injury" lowered the State's burden to prove the offenses involved the infliction or threatened infliction of serious physical injury, and we find no fundamental error here.

¶10        We find further support for this conclusion in *State v. Perry*, 5 Ariz. App. 315 (1967). In *Perry*, this court found no error in the failure to define the phrase "serious bodily injury" in jury instructions because the superior court was not required to define "words of ordinary significance . . . well understood by any jury of ordinary intelligence." *Id.* at 318. The statutory definition of "serious physical injury" in A.R.S. § 13-105(39) parallels the definition of "serious bodily injury" in the Model Penal Code, "upon which Arizona has based its criminal code." *State v. George*, 206 Ariz. 436, 442, ¶ 11 (App. 2003); Model Penal Code § 210.0(3) (1962). Accordingly, we are confident that the jury in this case, like the jury in *Perry*, was readily equipped to determine and apply the proper meaning of "serious physical injury" even without a specific instruction defining it. *See State v. Dodd*, 244 Ariz. 182, 186–87, ¶ 16 (App. 2017) (citing *Perry*, 5 Ariz. App. at 317–18) (jury could use "their collective common sense" to determine whether the evidence "satisfied the definition of 'serious physical injury' in A.R.S. § 13-105(39)").

**B.        Sufficient Evidence Supports the Jury's Finding that Bryant's Criminal Conduct Involved the Infliction or Threatened Infliction of Serious Physical Injury.**

¶11        Bryant also argues the jury lacked enough evidence to find, beyond a reasonable doubt, that the offenses involved the "[i]nfliction or threatened infliction of serious physical injury." A.R.S. § 13-701(D)(1). Bryant contends "the court would not have given a slightly aggravated

sentence" but for the jury's erroneous finding of that aggravating circumstance.

**¶12**      We review the sufficiency of evidence *de novo. State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the [aggravating circumstance] beyond a reasonable doubt." *Id.* at ¶ 16 (quotation omitted). "Substantial evidence . . . is such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond reasonable doubt." *Id.* (quotation omitted).

**¶13**      In this case, the criminal offenses charged by the State stemmed from a single series of events: Bryant attacking and then shooting the victim. However, Bryant does not challenge the sufficiency of the evidence supporting his convictions for this conduct. Instead, Bryant argues that without evidence concerning the medical impact of the victim's gunshot wound, there is not sufficient proof that he inflicted *serious physical injury* pursuant to A.R.S. § 13-701(D)(1). To support this assertion, Bryant cites the definition of "serious physical injury" in A.R.S. § 13-105(39). He also cites *George*, which held that, absent evidence of the serious impairment caused by the injury, a gunshot wound was not a "serious physical injury" for proving aggravated assault under A.R.S. § 13-1204(A)(1). *See George*, 206 Ariz. at 442, ¶ 14.

**¶14**      Bryant's argument ignores the fact that A.R.S. § 13-701(D)(1) requires proof beyond a reasonable doubt that the defendant's conduct involved *either* the infliction or *threatened infliction* of serious physical injury during the commission of the offense. *George* is thus inapposite as the statute at issue in that case required the State to prove the defendant caused serious physical injury. 206 Ariz. at 440, ¶ 3. The State here, on the other hand, was only required to prove that Bryant's criminal conduct involved the threatened infliction of serious physical injury.[2] Indeed, during its closing argument at the the aggravation phase, the State specifically informed the jury that it only sought to prove that Bryant's conduct threatened the infliction of serious physical injury. The evidence the State

---

[2]      Although we need not address *George* further, we note that a recent opinion of this court called into doubt *George*'s conclusion "that a gunshot wound which penetrates the neck and exits through the armpit is not necessarily a 'serious physical injury.'" *See Dodd*, 244 Ariz. at 186, ¶ 16 (observing that the holding in *George* is "extraordinary").

presented at trial established Bryant attacked the victim and shot him as he attempted to flee. Based on their common sense and experience, reasonable jurors certainly could conclude this conduct involved the threatened infliction of serious physical injury; it would stretch the boundaries of belief to say otherwise.

## CONCLUSION

¶15     For the foregoing reasons, we affirm Bryant's convictions and sentences.

