# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
CASSADY AARON MCKERN,
Respondent.

No. 78842

FILED

MAR 02 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting in part and denying in part respondent Cassady McKern's pretrial petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

McKern was charged with failure to stop at the scene of a crash involving bodily injury, DUI resulting in substantial bodily harm, and reckless driving. At the preliminary hearing, the evidence showed that McKern arrived at McFadden's Restaurant and Saloon (McFadden's) at approximately 3:00 p.m. A coworker who was with McKern at McFadden's for over an hour did not know whether McKern consumed any alcohol, and no witnesses testified that McKern had in fact been drinking. McKern's cell phone data indicated that while he was at McFadden's, text messages were sent from his cell phone relating to drinking and being drunk. After one such text message, however, a text indicating, "That was John [emoji]," was sent from McKern's phone.

McKern received a McFadden's payment notification on his cell phone at 6:23 p.m., and a text from his phone shortly thereafter at 6:31 p.m. indicated, "Kinda already driving." At approximately 6:40 p.m., a vehicle collided with a bicyclist in a designated bike lane. David Rawski witnessed the vehicle drive off the right side of the road, collide with the bicyclist such

20-08233

that the bicyclist went over the right passenger side of the vehicle, and take off. Rawski could not determine whether the vehicle drove into the bicyclist or the bicyclist turned in front of the vehicle. The victim sustained various broken bones and a traumatic brain injury.

Using license plate information that Rawski provided, Nevada Highway Patrol officers located an address associated with the vehicle. The officers arrived at that address three hours after the accident and found McKern. McKern admitted to driving home from work that day along the route where the accident occurred. He stated that while driving home, he started to turn right when he hopped the curb. McKern then slowed down to see if he felt a flat, but ultimately did not think anything of it. Officers observed that McKern was intoxicated, but McKern maintained that he drank only after arriving home. There was no blood draw, breath test, or field sobriety test. Officers observed a vehicle at the address with the relevant license plate number and extensive damage to the vehicle's front and right side. At the end of the preliminary hearing, the justice court determined that there was probable cause and bound McKern over to the district court on all counts.

McKern timely filed a pretrial petition for a writ of habeas corpus in the district court challenging the sufficiency of the evidence and the finding of probable cause for the DUI resulting in substantial bodily harm and reckless driving counts. He did not challenge the count of failure to stop at the scene of an accident involving bodily injury. Relevant here, McKern argued that there was no causal connection between his level of intoxication and the accident for the DUI count. At the hearing, the district court sua sponte raised the issue of whether McKern's text messages may be used to establish the corpus delicti absent sufficient independent

evidence and requested supplemental briefing from the parties. The State provided such supplemental briefing, and McKern addressed the issue for the first time in his reply.

The district court granted in part and denied in part McKern's petition. It dismissed the DUI resulting in substantial bodily harm count on the basis that the State did not show probable cause that McKern either had a BAC of .08 percent or higher or was under the influence and rendered incapable of safely driving a vehicle, finding that there was no independent evidence corroborating the text messages and McKern's impairment. Therefore, the district court concluded that the State failed to show a causal relationship between McKern's alleged impairment and the accident. The State appeals.

The State argues that the district court abused its discretion in dismissing the DUI count for want of probable cause. It contends that McKern's text messages, payment notification from McFadden's,[1] flight from the scene, vehicle damage, and intoxication three hours after the accident established probable cause by slight or marginal evidence. Reviewing a grant of a pretrial petition for a writ of habeas corpus for an abuse of discretion, *Rugamas v. Eighth Judicial Dist. Court*, 129 Nev. 424, 436, 305 P.3d 887, 896 (2013), we affirm the district court order.

At a preliminary hearing, the State must show "probable cause to believe that an offense has been committed and that the defendant has committed it." NRS 171.206; *Graves v. Sheriff*, 88 Nev. 436, 439, 498 P.2d 1324, 1326 (1972). Probable cause requires presenting only slight or

---

[1]The $61.50 payment notification did not itemize what McKern purchased or whether other parties also consumed any of the items included in the bill.



marginal "evidence to support a reasonable inference that the accused committed the offense." *Sheriff v. Milton*, 109 Nev. 412, 414, 851 P.2d 417, 418 (1993) (internal quotation marks omitted). When evaluating the probable cause determination, "a reviewing court should assume the truth of the state's evidence and all reasonable inferences from it in a light most favorable to the state." *Sheriff v. Dhadda*, 115 Nev. 175, 180, 980 P.2d 1062, 1065 (1999). While confessions and admissions generally may not be used to establish the corpus delecti, pre-offense admissions may be considered. *Id.* at 180-82, 980 P.2d at 1065-66.

The State alleged an "under the influence" theory of DUI resulting in substantial bodily harm. Under this theory, the State must first show that the defendant was "under the influence of intoxicating liquor," NRS 484C.110(1)(a); NRS 484C.430(1)(a), such that he was "impaired to a degree that renders a person incapable of safely driving or exercising actual physical control of a vehicle," NRS 484C.105. Second, it must show that the defendant did any act or neglected any duty imposed by law, and that the act or neglect of duty proximately caused substantial bodily harm. NRS 484C.430(1); *see Sheriff v. Burcham*, 124 Nev. 1247, 1256, 198 P.3d 326, 331-32 (2008) (reasoning that the "under the influence" definition ensures a causal relationship between the influence of alcohol and the event causing injury).

After reviewing the evidence presented at the preliminary hearing, we determine that the district court did not abuse its discretion in finding that the State failed to show probable cause. Despite the State's contention otherwise, we conclude that the district court did not apply a higher burden of proof than for the State to establish by slight or marginal evidence a showing of probable cause. The district court correctly found

Supreme Court
of
Nevada

(O) 1947A

4

that, even considered in the light most favorable to the State, there was no slight or marginal evidence establishing that McKern was under the influence *to a degree that rendered him incapable of safely driving a vehicle.* *See* NRS 484C.105. We do not dispute that McKern's *pre-offense* text messages may be considered to show probable cause for corpus delicti. Rather, we conclude that the text messages, especially given the confusion over who wrote them, did not establish that McKern's intoxication rendered him "under the influence" or connect McKern's intoxication to his inability to safely drive at the time of the accident.

We also conclude that the district court did not clearly err in finding that the additional evidence presented—the McFadden's payment notification, eyewitness testimony, the vehicle damage, and McKern's intoxication three hours later—failed to sufficiently corroborate that McKern's *intoxication* rendered him unable to safely drive *prior to or at the time of the accident. See Jackson v. State,* 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001) (holding that the district court abuses its discretion if its decision is "arbitrary or capricious or if it exceeds the bounds of law or reason"); *cf. Dhadda,* 115 Nev. at 177, 182-83; 980 P.2d at 1063, 1066 (reasoning that a pre-offense admission note, a deceased child found fully clothed in the river near the defendant, and the indication of a drowning established probable cause for the elements of murder).

Additionally, the district court did not abuse its discretion in finding that there was insufficient evidence establishing causation between McKern's intoxication and the accident itself. *See* NRS 484C.430(1); *cf. Burcham,* 124 Nev. at 1258, 198 P.3d at 333 (reasoning that the State presented sufficient evidence to establish probable cause for a DUI in part because the defendant had a BAC of .07 within an hour of the collision and

SUPREME COURT
OF
NEVADA

(O) 1947A

an eyewitness observed the defendant speeding and passing a red light). Not only was there insufficient evidence establishing that McKern was under the influence of alcohol, but also the eyewitness, Rawski, was unable to identify McKern as the driver of the vehicle or determine whether McKern was at fault in the accident. Therefore, we hold that the district court did not abuse its discretion in finding that the State failed to show probable cause.

Insofar as the State argues that the district court impermissibly sua sponte raised the issue of corpus delicti and that McKern untimely argued corpus delicti in its reply brief, the arguments fail because the district court was properly executing its statutory obligation to review whether the State had shown slight or marginal evidence of a crime and whether McKern committed the crime. NRS 34.470(2)-(3) (explaining that the judge shall "proceed in a summary way" "and perform all other acts necessary" to fairly settle the matter). Moreover, we note the State had an opportunity to brief the issue of corpus delicti issue. Additionally, because NRS 34.700 does not provide any relevant time periods for supplemental briefing ordered by the court, the State failed to cogently argue that McKern's additional arguments were untimely. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Accordingly, we ORDER the judgement of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Michael Villani, District Judge
Attorney General/Carson City
Clark County District Attorney
Clark County Public Defender
Eighth District Court Clerk